FORD MOTOR COMPANY and North Point Ford, Inc. *v.* The Reverend Milton HARPER, Janice Harper, Upper Room Apostolic Church, and Leon Dulemer

01-1286                                         84 S.W.3d 441

Supreme Court of Arkansas
Opinion delivered September 12, 2002

*Wright, Lindsey & Jennings LLP*, by: *Edwin L. Lowther, Jr.*, for appellants.

*David A. Hodges*, for appellees.

P ER CURIAM. Appellant Ford Motor Company (Ford) moves this court to direct the Supreme Court Clerk to file a packet of documents under seal. The packet is presently retained by the Pulaski County Circuit Clerk in a sealed and certified envelope in the circuit clerk's office but, apparently, was never placed in the circuit clerk's file in this case prior to appeal. The appellees, the Reverend Milton Harper, Janice Harper, Upper Room Apostolic Church and Leon Dulemer, acknowledge they are not entitled to review the documents under seal but state they are entitled to some identification or "privilege log" indicating what has been filed in this court under seal. They further request a stay of their briefing schedule and move for an extension of time to file a supplemental abstract and brief until the issue of the sealed documents has been resolved by this court.

At issue in this appeal are certain documents which Ford sought to protect from disclosure under the attorney-client privilege and work-product doctrine. On July 27, 2001, the circuit court entered an order directing Ford to produce those documents which had been filed under seal. The order was entered over Ford's objections and after the circuit court had reviewed the sealed documents *in camera*. On August 27, 2001, Ford appealed from that order and designated the entire record as the record on appeal. Ford filed its appellant's brief on April 23, 2002. Ford's motion to supplement the record was filed on July 15, 2002, before the appellees had filed their brief.

The documents under seal appear pertinent to Ford's appeal. We therefore grant the motion to supplement the record. We further grant the appellees' request that an identifica-

tion of the documents submitted in the supplemental record under seal be prepared by Ford and made part of the supplemental record. On this latter point, we note that a "privilege log" was prepared for the benefit of the circuit court and is part of the addendum in Ford's brief filed in this court. Finally, we grant the appellees thirty days from the date the supplemental record is filed with the clerk of the Supreme Court to file their supplemental abstract and brief.

The appellees also ask this court to require an explanation as to why the documents under seal were not filed as part of the original record. This appears to have been a matter of oversight, since the documents were retained by the circuit court in its office and not returned to the circuit clerk until later. Apparently, the sealed documents were not made part of the circuit court's file in this matter. We decline to request an explanation from Ford.