FORD MOTOR COMPANY and North Point Ford, Inc. *v.* Milton HARPER, *et al.*

01-1286                                          95 S.W.3d 810

Supreme Court of Arkansas
Opinion delivered January 23, 2003
Substituted Opinion delivered January 27, 2003

*Wright, Lindsey & Jennings*, by: *Troy A. Price*, for appellants.

*David A. Hodges*, for appellees.

P ER CURIAM. This appeal arises from the trial court's July 27, 2001 pretrial discovery hearing order. Appellants, Ford Motor Company and North Point Ford, Inc., argue in their interlocutory appeal that we should reverse the trial court's finding at a pretrial discovery hearing that certain documents were not protected by the attorney-client privilege and the work-product doctrine. Appellees, Reverend Milton Harper, Janice Harper, Upper Room Apostolic Church and Leon Dulemer, respond primarily to the main issue of privilege. We hold that this jurisdictional issue is an important one that we should address, and, therefore, we order the parties to rebrief that issue for our consideration.

Appellees in this product liability action submitted discovery requests to appellant seeking information relating to incidents of fires in Ford Motor Company Vehicles. Appellant produced the pertinent documents it considered to be nonprivileged and a privilege log of documents that were responsive to appellants' discovery requests but protected by the attorney-client privilege or the work-product doctrine. Appellant submitted the actual privileged documents to the trial court for an *in camera* review. On July 27, 2001, the trial court issued a pretrial order that declared that some of the documents were protected by neither attorney-client privilege nor work-product doctrine and ordered that those documents be disclosed to appellee. On August 27, 2001, appellants filed a notice of appeal from the trial court's July 27, 2001 order. Appellees filed a motion to dismiss the appeal and cited Rule 2(a) of the Rules of Appellate Procedure—Civil, arguing that Rule 2(a) prohibits appeals of judgments that are not final. Without requiring briefs on this issue, and without issuing an opinion addressing the jurisdictional question concerning the applicability of Rule 2(a), we denied the motion to dismiss.

On July 15, 2002, appellants filed a motion to supplement the record requesting that we allow the documents at issue to remain under seal. We granted that motion in a *per curiam* order entered September 12, 2002, that stated that the documents under seal appeared be pertinent to Ford's appeal and directed that the sealed documents be filed with the clerk of this court. See *Ford v. Harper*, 350 Ark. 45, 84 S.W.3d 441 (2002) (*per curiam*).

■ ■ A threshold issue in this case is whether this court has jurisdiction over this interlocutory appeal of a pretrial discovery issue. Whether a judgment, decree, or order is final is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. Ark. Rules App. P.—Civ., Rule 2. We believe that the issue of whether this court has jurisdiction over this interlocutory appeal, in light of Rule 1-2(a)(5) of our rules and Rule 2(a) of the Arkansas Rules of Appellate Procedure—Civil, is an important issue that needs further development for us to fully consider the issue. The parties are ordered to rebrief the issue of whether we should exercise jurisdiction over this interlocutory appeal. Appellants' brief will be

due twenty days from this date, and appellees' brief shall be filed within ten days from the date appellants' brief is filed.

Pursuant to our rule, this case will remain under submission until the briefing directed by this order has been accomplished.

CORBIN, J., dissents.