Stevie Christine Wilson BOYD *v.*
SHARP COUNTY CIRCUIT COURT,
Honorable Phillip Gregory Smith

06-553 247 S.W.3d 864

Supreme Court of Arkansas
Opinion delivered January 25, 2007

*Jerrie Grady Higginbottom*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Asheton M. Carter*, Ass't Att'y Gen., for separate respondent, Honorable Phillip Gregory Smith.

ANNABELLE CLINTON IMBER, Justice. The instant case involves Stevie Christine Wilson Boyd's petition to this court for a writ of prohibition or, in the alternative, a writ of certiorari against the Circuit Court of Sharp County, the Honorable Phillip Smith presiding. Boyd asks our court to grant her petition in order to prevent the circuit court from going forward with contempt proceedings arising out of her refusal to comply with a court order that granted Mildred Taylor visitation rights with Boyd's daughter, M.T. For the reasons stated below, we hereby grant the petition for writ of certiorari.

On August 27, 2002, Alfred Taylor filed a complaint against Boyd in the Circuit Court of Sharp County, seeking to determine the paternity of M.T. As shown by the record, Boyd was not served with the complaint after it was filed. No further action was taken in the case for over a year.

On November 24, 2003, Alfred's mother, Mildred Taylor, petitioned the circuit court to grant her grandparent visitation privileges with M.T. Mildred attempted to serve Boyd twice, once in person and once by mail, at an address that was thought to be Boyd's primary dwelling. Both summonses, however, were returned without adequate verification of service, and the address was later determined to be incorrect. After Boyd did not appear at

the March 10, 2004 hearing on the matter, the circuit court entered a default judgment in Mildred's favor, granting her visitation privileges with M.T.

Two months later, on May 6, 2004, Mildred filed a petition asking the circuit court to hold Boyd in contempt for not allowing visitation with M.T. as ordered by the court. The court entered a show-cause order, and Boyd was successfully served with the petition and show-cause order. Boyd failed to appear at the contempt hearing on July 6, 2004, whereupon the circuit court entered an order on July 7, 2004, holding her in contempt and sentencing her to thirty days in jail, with the sentence to be suspended upon immediate compliance with the visitation order. The contempt order also modified Mildred's visitation schedule.

After she was served with the contempt order, Boyd filed a motion to set aside the default visitation judgment. In her motion, Boyd alleged that the circuit court did not have personal jurisdiction over her because neither Alfred nor Mildred had perfected service of summons upon her, thereby rendering the visitation judgment void ab initio. Mildred subsequently filed a motion to intervene in her son's paternity suit.

Following a hearing on Boyd's motion to set aside the default judgment, the circuit court entered an order on May 10, 2005, finding insufficient service of process as to the petition for grandparent visitation. Instead of declaring the visitation order void for lack of service and granting Boyd's motion to set aside, the court chose to suspend the order pending further proceedings. The circuit court also ruled that the contempt order entered on July 7, 2004, would continue to be enforceable because service of the show-cause order was valid. Finally, the court concluded that Mildred's motion to intervene would be allowed to go forward.

One year later, on May 9, 2006, Mildred filed a second petition, alleging that Boyd had denied any visitation and asking the court to hold Boyd in contempt for refusing to comply with the court's previous orders, including the July 7, 2004 contempt order. The petition requested that Boyd be ordered to serve an additional thirty days in jail, with the minor child, M.T., to be placed in Mildred's temporary custody while Boyd was in jail. That same day, the circuit court entered an order to show cause why Boyd should not be held in contempt for refusing to abide by the court's previous orders.

Boyd now petitions this court to prevent the circuit court from going forward with the contempt proceedings. Boyd's argu-

ment here is that the circuit court lacked jurisdiction to enter the visitation order and any subsequent orders in this case. Specifically, Boyd maintains she was not properly served by either Alfred or Mildred Taylor, and, therefore, the court had no personal jurisdiction over her. She further argues that the judgments entered by the circuit court are void based upon insufficient service of process.

A writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *Cockrum v. Fox*, 359 Ark. 508, 199 S.W.3d 69 (2004). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id*. Prohibition is a proper remedy when the jurisdiction of the circuit court depends on a legal rather than factual question. *Id*. We confine our review to the pleadings in the case. *Id*.

 We conclude that the circuit court is not wholly without jurisdiction over the instant case, and therefore a writ of prohibition is not appropriate. In reaching that conclusion, we focus our analysis on the lack of compliance with the Arkansas Rules of Civil Procedure governing service of process. Pursuant to Ark. R. Civ. P. 4(i) if "service of the summons is not made upon a defendant within 120 days of the filing of the complaint, the action *shall* be dismissed without prejudice," either upon motion of a party or the court. Ark. R. Civ. P. 4(i) (2006) (emphasis added). However, our long established rule dictates that for any dismissal from litigation to be operative, a court must enter an order to that effect. *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 623-24, 954 S.W.2d 939, 940-41 (1997). Accordingly, for a case that has become stale under Rule 4(i) to be dismissed, the circuit court must enter an order of dismissal.

In the instant case, it is clear from the record that Alfred Taylor — the initial plaintiff here — never served Boyd with the paternity complaint after he filed the complaint in 2002. Despite this clear error in the proceedings, the circuit court failed to enter an order dismissing the case without prejudice as required by Ark. R. Civ. P. 4(i). Because the case remains pending before the circuit court notwithstanding Alfred's complete failure to perfect service of process on Boyd, the circuit court still retains jurisdiction over the case to the extent that entry of a dismissal order is required to properly effectuate a dismissal of the case. For that reason, prohibition does not lie here, and we must now consider Boyd's alternative petition for certiorari.

A writ of certiorari is extraordinary relief. *Arkansas Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006). In determining its application, we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to review a circuit court's discretionary authority. *Id.* Two requirements must be satisfied in order for this court to grant a writ of certiorari. *Id.* First, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, *or* (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* The second requirement is that there can be no other adequate remedy but for the writ of certiorari. *Id.*

As stated earlier, the circuit court had jurisdiction over this matter, but only to the extent needed to dismiss the case as required by Ark. R. Civ. P. 4(i). In other words, the circuit court's jurisdiction extends *only* to the act of ordering a dismissal of the case and nothing more. When the circuit court went beyond that point and held hearings on Mildred Taylor's motions and granted her relief, the court clearly exceeded its jurisdiction, and its failure to enter an order dismissing the case constituted a plain, manifest, clear, and gross abuse of discretion.

In fact, the record reveals that the circuit court recognized that the case before it was flawed but nevertheless chose to continue exercising jurisdiction over the case. In particular, the court stated at the April 18, 2005 hearing that

> I don't know that there is a way at this point in time to clear up the problems in this file, the procedural problems that have been created in this file. I don't know that that's possible . . . . It's possible that the court's ruling today has just further mudded [sic] the waters . . . .

We recognize that the dismissal of a plaintiff's first complaint and the filing of a new complaint may be in large part ministerial. *See Wilson v. Weiss*, 368 Ark. 300, 245 S.W.3d 144 (2006). However, as previously stated, our rule is clear that a dismissal is mandatory if a defendant has not been served within 120 days from the date the complaint was filed. Ark. R. Civ. P. 4(i). We therefore conclude that the circuit clearly exceeded its jurisdiction when it proceeded with the instant case after Alfred's failure to perfect service of process on Boyd. Moreover, based upon the court's failure to dismiss the case as required by Rule 4(i),

it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion.

Furthermore, in *Finney v. Cook*, 351 Ark. 367, 94 S.W.3d 333 (2002), a case involving similar circumstances, we held that the remedy of appeal is inadequate when a petitioner seeks to challenge a show-cause order. *Id.* at 372, 94 S.W.3d at 337 (mother challenged show-cause order issued by circuit court regarding her alleged refusal to comply with a temporary guardianship order). In that case we stated that where a petitioner faces impending contempt proceedings, "to require [the accused] to invoke the remedy of appeal, occasioning delay and necessitating a supersedeas bond, or resulting in his being confined in jail pending the determination of his appeal would work an unnecessary and unreasonable hardship upon the accused." *Id.* at 372-73, 94 S.W.3d at 337 (quoting *Duncan v. Kirby*, 228 Ark. 917, 921, 311 S.W.2d 157, 160 (1958)); *see also Beaumont v. Adkisson*, 267 Ark. 511, 593 S.W.2d 11 (1980).

If the contempt proceedings are allowed to go forward here, Boyd faces a possible jail sentence and a temporary loss of custody of her daughter. Thus, in light of our holding in *Finney*, we conclude that there is no other adequate remedy but for a writ of certiorari.[1]

Writ of certiorari granted.

---

[1] A dismissal of the case pursuant to Ark. R. Civ. P. 4(i) will render Mildred's motion to intervene moot. We, therefore, decline to address that issue.