2013 Ark. 261

**James THOMPSON, Petitioner**

v.

**The Honorable Gordon W. "Mack" McCAIN, Jr., Respondent.**

**No. CV–13–85.**

Supreme Court of Arkansas.

June 20, 2013.

James Thompson, pro se petitioner.

Dustin McDaniel, Att'y Gen., by: Melanie Hoover, Ass't Att'y Gen., for respondent.

PAUL E. DANIELSON, Justice.

 ¡Petitioner James Thompson petitions this court for a writ of prohibition or, in the alternative, writ of certiorari to respondent, the Honorable Gordon W. "Mack" McCain, Jr.[1] He contends that (1) the circuit court erred in failing to consider certain evidence when it dismissed his motion to set aside a property-settlement agreement between him and his former wife, Carolyn Brown; (2) the circuit court abused its discretion and acted in excess of its jurisdiction by finding him in contempt and sanctioning him, where the agreement was merely made a part of their divorce decree and did not merge into the decree itself. Because neither writ will lie, we deny the petition.

According to the partial record before us, a decree of divorce was entered on July 14, 2005, granting Carolyn a divorce from James. A property-settlement agreement between the ₂parties, dated June 3 and filed June 6, 2005, was approved and "made a part of" the decree. The agreement specified that, beginning July 1, 2005, James would pay Carolyn spousal support in the sum of $2,000 per month until either's death or Carolyn's remarriage. It further provided that, by agreement of the parties, the agreement would "be incorporated in but not merged into any Decree of Divorce."

On February 2, 2010, Carolyn filed a motion for citation in the circuit court. The motion asserted that James had failed to comply with the divorce decree by failing to pay her spousal support in the sum of $109,000 as required by their agreement, and she requested that James be ordered to show cause why he should not be held in contempt. An order to show cause was filed, and James was served.

James responded to the motion and counterclaimed. While admitting that he signed the property-settlement agreement, James claimed that his signature was made under compulsion and that no voluntary consent had been given. He further counterclaimed, asserting acts by Carolyn, which he claimed were intended to cause coercion and undue influence to induce him to sign the agreement. James contended that he did not read the divorce decree or the property-settlement agreement, did not receive a copy, and was unaware that spousal support had been awarded until he was served with Carolyn's motion for citation. He therefore requested that the motion be dismissed and that the agreement be found void.

An order of the circuit court was filed on October 1, 2010. The order found that in the final hearing of the parties' divorce action, James appeared in person and tes-

---

1. A writ of prohibition lies against the circuit court and not against an individual judge. *See Ford v. Wilson,* 327 Ark. 243, 939 S.W.2d 258 (1997). We therefore will treat the prohibition petition as if it had been filed against the Pope County Circuit Court.

tified under oath "that he had executed the parties' Property Settlement Agreement freely and voluntarily [and] understood the obligations imposed upon him therein, including the award of alimony." It further found that a review of the pleadings in the divorce matter and the transcript of the hearing therein revealed that, "as a matter of law, [James] was acting without coercion or undue influence, and his motion to set aside the Decree should be denied." The order then dismissed James's counterclaim with prejudice.[2]

On December 6, 2010, James filed a motion to set aside the property-settlement agreement, asserting that the agreement was unconscionable and that his monthly take-home pay was only $2,400. The circuit court subsequently entered its order, finding James in contempt for the nonpayment of alimony. The circuit court ordered James to serve three days in the Pope County Detention Center, with two days' suspended, conditioned on his appearance at the Center at a designated time and date and serving a specific period of confinement. The circuit court further found that, upon James's failure to appear to serve his period of confinement, a body attachment would issue for his arrest. It then noted that "[a]ll remaining rulings of the Court relating to purging [James's] contempt shall be set forth in a separate order."[3]

Finally, on January 24, 2011, the circuit court entered its order finding James in contempt. The order noted that the circuit court had paid careful attention to the demeanor and appearance of the witnesses "in arriving at its findings of fact and determination of the credibility of the witnesses." It then found James in contempt for his "willful failure to pay alimony accruing on or after September 1, 2005," and found him delinquent in the amount of $131,000. The circuit court denied James's motion to strike that portion of the property-settlement agreement concerning alimony and found that James's testimony was not credible:

> The testimony of the Defendant concerning his claims that he was unaware that the alimony term was not modifiable, that he was in an impaired mental condition, and/or financially insolvent and unable to hire counsel at the time of the execution of the Property Settlement Agreement are not credible. The Defendant clearly expressed his intent to obtain approval of the agreement at the July 14, 2005, hearing and the Court would not have approved the agreement unless fully satisfied that the Defendant appeared fully coherent and ready, without hesitation, to have the parties' agreement approved and the Decree of Divorce entered.

The circuit court further noted that James had made alimony payments prior to and immediately following the July 14, 2005 hearing and found that his actions in doing so further controverted his claim that he was either unaware of the obligation or that he was financially insolvent.

As a contempt sanction, the circuit court directed James to pay an attorney's fee of $2,500 and the costs of the action, in the amount of $100. In addition, the circuit court ordered that James "shall additionally serve three days in the Pope County

---

2. The circuit court's order further indicated that a hearing was held on James's counterclaim on August 26, 2010, with both James and Carolyn appearing with counsel; however, a transcript of that hearing is not included in the record filed with this court.

3. The order also indicated that a hearing was held on January 6, 2011, with both James and Carolyn appearing with counsel; however, a transcript of that hearing is not included in the instant record.

Detention Center with one day suspended as set forth" in the circuit court's earlier order. Finally, the circuit court set forth a payment schedule for the back support. On May 9, 2011, the circuit court, upon Carolyn's motion and amended motion for body attachment, entered an order directing the Pope County Sheriff's Office to take and hold James until such time as he posted a cash bond in the amount of $3,600. The record reflects no appeal having been taken from any of the circuit court's orders.

On January 24, 2013, James filed with this court the instant petition for writ of prohibition and/or certiorari, which we ordered submitted as a case and briefed. In his brief, James argues that the circuit court failed to properly consider evidence that he submitted to demonstrate his coercion, erred in dismissing his counterclaim, and erred in failing to void the property-settlement agreement. He claims that because the circuit court's orders do not reference his evidence, it is apparent from the face of the record that the circuit court did not consider his evidence. He contends this was error on the circuit court's part because, based on that evidence, the property-settlement agreement should have been found to be void. James further asserts that the circuit court erred in its finding of contempt and its award of sanctions. Finally, James avers, the circuit court erred in issuing the body attachment, where his attorney was served with notice instead of him.

The State, on behalf of the circuit court and Judge McCain, counters that this court should deny the requested writs, as James's proper remedy was by an appeal of the circuit court's orders. It further asserts that a writ of prohibition should not issue, because the writ cannot be invoked to correct erroneous actions already taken. In addition, the State contends, a writ of certiorari would be improper, where it is not apparent from the face of the record that the circuit court grossly abused its discretion, the circuit court did not lack jurisdiction or exceed it, nor were the proceedings erroneous on the face of the record.

In the instant case, James seeks a writ of prohibition or, in the alternative, a writ of certiorari. However, neither writ will lie. First, we have held that a writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *See White v. Palo*, 2011 Ark. 126, 380 S.W.3d 405. The writ is appropriate only when there is no other remedy, such as an appeal, available. *See id.* However, we have further explained that the writ of prohibition cannot be invoked to correct an order already entered. *See id.* In those instances, a writ of certiorari is the appropriate vehicle. *See id.*

Each of the allegations in James's petition concerns orders already entered by the circuit court. The circuit court has already acted on Carolyn's motion for citation, James's counterclaim, his motion to set aside the property-settlement agreement, and her motion for body attachment and has already held James in contempt. Because the circuit court has done so, a writ of prohibition does not lie. *See, e.g., Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257.

We turn then to whether a writ of certiorari is appropriate. A writ of certiorari is extraordinary relief. *See Boyd v. Sharp Cnty. Circuit Court*, 368 Ark. 566, 247 S.W.3d 864 (2007). In determining its application, we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to review a circuit court's discretionary authority. *See id.* Two requirements must be satisfied in order for this court to grant a writ of certiorari. *See id.* First, a writ of certiorari lies only when (1) it is appar-

ent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *See id.* The second requirement is that there can be no other adequate remedy but for the writ of certiorari. *See id.*

We hold that the writ of certiorari does not lie. This court has explained that certiorari is available in the exercise of this court's superintending control over a tribunal that is proceeding illegally where no other adequate mode of review has been provided. *See Beverly Enters.–Arkansas, Inc. v. Circuit Court of Independence Cnty.,* 367 Ark. 13, 238 S.W.3d 108 (2006). We have repeatedly held that certiorari will lie only when there is no other adequate remedy, such as an appeal, available to a party. *See Chiodini v. Lock,* 373 Ark. 88, 281 S.W.3d 728 (2008). It is axiomatic that where an appeal is available, another adequate remedy exists. *See, e.g., Manila Sch. Dist. No. 15 v. Wagner,* 357 Ark. 20, 159 S.W.3d 285 (2004).

Here, James had an adequate remedy in that he could have appealed the circuit court's orders. Merely because he failed to appeal in no way warrants the issuance of the writ. This court has been steadfast in holding that certiorari may not be used as a substitute for appeal. *See Conner v. Simes,* 355 Ark. 422, 139 S.W.3d 476 (2003). Moreover, certiorari will not be used for the correction of mere error where the right of appeal has been lost due to the fault of the petitioner. *See Gran v. Hale,* 294 Ark. 563, 745 S.W.2d 129 (1988). For these reasons, we deny the instant petition.

Denied.