SLIP OPINION

Cite as 2013 Ark. 322

# SUPREME COURT OF ARKANSAS

No. 12-957

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY
PETITIONER

V.

STUART PARSONS ET AL.
RESPONDENTS

**Opinion Delivered** September 12, 2013

PETITION FOR WRIT OF
PROHIBITION

<u>PETITION FOR WRIT OF
PROHIBITION TREATED AS A
WRIT OF CERTIORARI AND
DENIED</u>.

**COURTNEY HUDSON GOODSON, Associate Justice**

Petitioner Southern Farm Bureau Casualty Insurance Company ("Farm Bureau") has filed a petition for writ of prohibition in this court, arguing that the circuit court did not have jurisdiction after ninety days to set aside its previous order. Pursuant to Arkansas Supreme Court Rule 1-2(a)(3), we have jurisdiction, as this case involves an extraordinary writ. We treat Farm Bureau's petition for writ of prohibition as a petition for writ of certiorari and deny the writ.

On October 30, 2010, Stuart Parsons was injured in a motorcycle-automobile accident with an uninsured driver in Searcy. Parsons had uninsured-motorist coverage of $50,000 with Farm Bureau. As a result of the accident, Parsons subsequently made a claim against his uninsured-motorist coverage on his policy held by Farm Bureau. He signed a release allowing Farm Bureau to obtain his medical bills and received a personal-injury protection payment.

SLIP OPINION

Parsons's medical bills exceeded the $50,000 policy limit.

On May 17, 2011, Farm Bureau filed a complaint for interpleader, requesting the circuit court to disburse its uninsured-motorist limits of $50,000. At that time, no other party, particularly a medical provider, had filed a medical lien or had claimed any interest in the policy proceeds. Acting pro se, Parsons filed an answer and requested that his uninsured-motorist policy be paid to him. On November 8, 2011, the circuit court ordered Farm Bureau to deposit the funds into the court's registry and to disburse the money accordingly. Specifically, the court authorized Farm Bureau's payment into the registry of the court "until further order of the court" and stated that payment "shall discharge [Farm Bureau] of any liability in connection with the motorcycle/auto accident of October 30, 2010 that occurred in Searcy, White County, Arkansas[.]"

On March 6, 2012, Parsons filed a counterclaim seeking a statutory penalty, interest, and attorney's fees. In his counterclaim, Parsons asserted that Farm Bureau allegedly acted in bad faith by filing an interpleader action instead of paying the money to him. Parsons also filed a motion to dismiss the interpleader action. Citing *Farm Bureau Mutual Insurance Company v. Guyer*, 2011 Ark. App. 710, 386 S.W.3d 682, Parsons asserted that Farm Bureau's interpleader action was misplaced because there were no legitimate competing claims to the money, as no medical liens had been filed or actual claims made asserting entitlement to the money. In turn, on March 12, 2012, Farm Bureau filed a motion to strike Parsons's motion to dismiss the interpleader and counterclaim, arguing primarily that, pursuant to Rule 60 of the Arkansas Rules of Civil Procedure, the circuit court no longer retained jurisdiction to set

SLIP OPINION

aside the November 8, 2011 order because ninety days had passed. Parsons responded that the circuit court had retained jurisdiction because no final order had been entered. Alternatively, Parsons asserted that Farm Bureau had misrepresented the law and the facts to the circuit court by arguing that interpleading the money was appropriate and that the court had the authority to set aside the order on the basis of fraud.

On July 11, 2012, the circuit court held a hearing on the pending motions. Following the hearing, in its August 1, 2012 order, the circuit court vacated its November 8, 2011 order, thereby allowing Parsons to proceed with his counterclaims of bad faith and breach of contract against Farm Bureau. Subsequently, Farm Bureau filed a writ of prohibition with this court, arguing that the circuit court did not have jurisdiction to set aside the November 8, 2011 order after ninety days from the entry of the order. Parsons responded. We took the petition as a case and ordered the parties to brief the issues.

Farm Bureau, in support of its petition for writ of prohibition, argues that the circuit court was wholly without jurisdiction in granting Parsons's motion to dismiss Farm Bureau's complaint for interpleader and in setting aside the November 8, 2011 order authorizing Farm Bureau to deposit the funds into the court's registry. Specifically, Farm Bureau contends that the circuit court was without jurisdiction to set aside the November 8, 2011 order once the ninety-day limitation contained in Rule 60(a) had elapsed.

Parsons counters that Farm Bureau mistakenly argues that the circuit court abused its discretion and that the circuit court's ruling was simply a valid exercise of its discretion by either (1) continuing jurisdiction or (2) setting aside or vacating the order pursuant to Rule

3

60. Specifically, Parsons maintains that the circuit court retained jurisdiction to vacate its order, thereby rendering Rule 60(a) inapplicable and, further, that Rule 60(c)(4) was a sufficient basis to vacate the order based on fraud or misrepresentation on the court. Parsons contends that Farm Bureau's request for a writ of prohibition should be denied because Farm Bureau has an adequate remedy at law by appealing the judgment.

The Pulaski County Circuit Court also filed a brief, asserting that it did not abuse its discretion in granting Parsons's motion to dismiss the interpleader action. The court asserts that it acted within its jurisdiction when it vacated its November 8, 2011 order pursuant to Rule 60(c)(4) because Farm Bureau's breach of duty to Parsons constituted constructive fraud. The court also maintains that Farm Bureau's writ of prohibition should be denied because it has an adequate remedy at law in the form of an appeal.

A writ of prohibition is extraordinary relief that is appropriate only when the trial court is wholly without jurisdiction. *Reynolds Metal Co. v. Cir. Ct. of Clark Cnty.*, 2013 Ark. 287, ___ S.W.3d ___. The purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Parker v. Crow*, 2010 Ark. 371, 368 S.W.3d 902. Prohibition is a proper remedy when the jurisdiction of the trial court depends on a legal, rather than a factual, question. *Porocel Corp. v. Cir. Ct. of Saline Cnty.*, 2013 Ark. 172. We have repeatedly held that a writ of prohibition challenging an exercise of jurisdiction, even if erroneous and an abuse of discretion, is an improper usage of the writ. *Savage v. Hawkins*, 239 Ark. 658, 391 S.W.2d 18 (1965). However, a writ of prohibition cannot be invoked to correct an order already entered. *White*

4

*v. Palo*, 2011 Ark. 126, 380 S.W.3d 405. Each of the allegations in Farm Bureau's petition concerns orders already entered by the circuit court. Because the circuit court has already acted, a writ of prohibition does not lie. *Thompson v. McCain*, 2013 Ark. 261, ___ S.W.3d ___.

On occasion, this court has treated a petition for writ of prohibition as a petition for writ of certiorari. *Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257. A writ of certiorari is extraordinary relief. *Boyd v. Sharp Cnty. Cir. Ct.*, 368 Ark. 566, 247 S.W.3d 864 (2007). In determining its application, we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to review a circuit court's discretionary authority. *Id.* Two requirements must be satisfied in order for this court to grant a writ of certiorari. *Id.* First, a writ of certiorari lies only when (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* The second requirement is that there can be no other adequate remedy but for the writ of certiorari. *Id.*

With these requirements in mind, we now consider Farm Bureau's writ of certiorari. In terms of subject-matter jurisdiction, the circuit court clearly had jurisdiction to determine the subject matter in controversy between the parties, namely insurance coverage and its policy limits. *Nat'l Sec. Fire Cas. v. Poksey*, 309 Ark. 206, 828 S.W.2d 836 (1992). Further, Farm Bureau has the opportunity to raise the issues of jurisdiction pertaining to Rule 60, the finality of the circuit court's order, and any potential claims of fraud in an appeal. This court

has been steadfast in holding that certiorari may not be used as a substitute for appeal. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). Based on this precedent, we hold that Farm Bureau has another adequate remedy. Therefore, we deny Farm Bureau's petition for writ of certiorari. Further, Parsons's motion to dismiss the petition for writ of prohibition as moot is denied.

Petition for writ of prohibition treated as a writ of certiorari and denied.

*Laser Law Firm, P.A.*, by: *Andy L. Turner* and *Ben C. Hall*, for petitioner.

*Gibson Law Firm, PLLC*, by: *Jesse J. Gibson*, for respondents.