# SUPREME COURT OF ARKANSAS

**No.** CV–16–25

MCCAIN MALL COMPANY LIMITED
PARTNERSHIP

PETITIONER

V.

PULASKI COUNTY CIRCUIT COURT

RESPONDENT

**Opinion Delivered:** June 23, 2016

PETITION FOR WRIT OF
CERTIORARI TO THE PULASKI
COUNTY CIRCUIT COURT
[NO. 60CV–14–3449]

HONORABLE ALICE S. GRAY,
JUDGE

PETITION FOR WRIT OF
CERTIORARI DENIED.

**RHONDA K. WOOD, Associate Justice**

Petitioner McCain Mall Company Limited Partnership seeks a writ of certiorari. It argues that it was served a fatally defective summons in the underlying litigation. We deny the petition because McCain Mall has an adequate remedy through the interlocutory appeal it has already filed

Ethel Long filed a slip-and-fall complaint against Simon Property Group for an incident that happened at a shopping center. Long believed that Simon Property was the management company for the shopping center. Long later learned that another entity, McCain Mall Company Limited Partnership, was the true management company. As a result, Long filed an amended complaint and substituted McCain Mall for Simon Property as the actual defendant.

A summons was issued along with the amended complaint. The summons was directed to "McCain Mall Company Limited Partnership." However, at the top of the summons, the lawsuit's caption read "Ethel Long v. Simon Property Group Inc." Long served McCain Mall's registered agent in September 2014. McCain Mall did not file a timely answer. Long then filed a motion for default judgment, which the circuit court granted in November.

In December 2014, McCain Mall filed its answer. Long responded with a motion to strike the answer, arguing that McCain Mall's time to file had long expired and that a default judgment had already been entered. McCain argued in response that the summons was defective because the caption listed the wrong defendant. The circuit court granted Long's motion to strike McCain Mall's answer. (By the same order, the court denied McCain Mall's motion to set aside the default judgment.)

McCain Mall filed a notice of appeal under Arkansas Rule of Appellate Procedure– Civil 2(a)(4) (2015), which permits an immediate appeal from an order that strikes out a pleading. The record was lodged on January 8, 2016, as case number CV-16-26. That appeal is currently on hold.

One day before lodging the record in its appeal, McCain Mall filed a petition for writ of certiorari. This petition is now before us. McCain Mall alleges that the circuit court acted without jurisdiction because the summons was fatally defective. Repeating the argument it made to the circuit court in opposition to Long's motion to strike, McCain Mall points out that the summons listed the wrong defendant in the caption. Because the

summons listed the wrong defendant, McCain Mall argues, the circuit court never acquired personal jurisdiction.

We deny the petition because McCain Mall has another adequate remedy. A writ of certiorari is extraordinary relief. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). Two requirements must be satisfied in order for this court to grant a petition for writ of certiorari. *S. Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, 429 S.W.3d 215. First, there can be no other adequate remedy but for the writ of certiorari. *Id.* Second, a writ of certiorari lies only when (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.*

We recently addressed this issue in *Capital Seniorcare Ventures v. Circuit Court of Pulaski County*, 2016 Ark. 263. We reiterated the rule that a petition for writ of certiorari will not lie where the party has a remedy available via appeal. *Id.* Stated differently, a writ of certiorari cannot substitute for an appeal "unless the right of appeal has been lost by no fault of the aggrieved party." *Id.* at 4. Here, McCain Mall has already filed an interlocutory appeal, which includes the issue regarding the sufficiency of the summons. McCain Mall raised the issue regarding the summons in opposition to the motion to strike its answer. This interlocutory appeal is an adequate remedy.

McCain Mall maintains that a writ of certiorari is proper when the summons is defective, citing *Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257. There, we treated a writ of prohibition as a writ of certiorari and granted the writ, noting that "the

circuit court was without jurisdiction to hear the case due to failure to serve valid process." *Id.* at 9, 370 S.W.3d at 262. However, there was no argument, and therefore we did not address, whether the petitioner had another adequate remedy, which is a threshold requirement. *E.g., Ark. Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006). Here, McCain Mall has another adequate remedy through the interlocutory appeal it has filed. Accordingly, it has failed to establish the first requirement to grant a petition for writ of certiorari.

Petition for writ of certiorari denied.

DANIELSON, J., dissents.

**PAUL E. DANIELSON, Justice, dissenting.** I respectfully dissent. The majority errs in its holding that McCain Mall has an adequate remedy in this case via interlocutory appeal. On January 7, 2016, McCain Mall filed the petition for writ of certiorari to the Circuit Court of Pulaski County. The next day, on January 8, 2016, McCain Mall lodged a record in case number CV-16-26 and a briefing schedule was issued. On January 13, 2016, McCain Mall filed a motion to stay briefing pending the outcome of the petition for writ of certiorari, which this court granted on February 11, 2016. On January 28, 2016, we took the petition for writ of certiorari as a case and briefing was commenced.

McCain Mall contends that the summons is defective because it contains the name of a nonparty in the caption and therefore does not strictly comply with Arkansas Rule of Civil Procedure 4(b). McCain Mall asserts that because of this alleged defect on the face of the summons, there was no service of valid process and the circuit court lacked jurisdiction to hear the claim in this case. Arkansas law is well settled that service of valid process is

necessary to give a court jurisdiction over a defendant. *Shotzman v. Berumen*, 363 Ark. 215, 213 S.W.3d 13 (2005); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001).

This court has specifically stated that certiorari is appropriate when a party claims that a lower court did not have jurisdiction to hear a claim. *Chiodini v. Lock*, 373 Ark. 88, 281 S.W.3d 728 (2008) (citing *Kraemer v. Patterson*, 342 Ark. 481, 29 S.W.3d 684 (2000)). Because McCain Mall is claiming that the circuit court did not have jurisdiction to hear the claim, certiorari would be the appropriate remedy. The majority denies the petition for writ of certiorari on the ground that McCain Mall has an adequate remedy via appeal. I disagree.

The threshold issue to be decided in this case is whether the circuit court had jurisdiction to hear the claim. In this case, a determination by this court that the summons was defective and that the circuit court lacked jurisdiction to hear the claim would be dispositive of the entire case. Therefore, the issue of whether the circuit court had jurisdiction to hear the claim is squarely before us at this time. We do not know if this issue will be before us on appeal.

The majority implies that because the pending appeal is interlocutory in nature, McCain Mall has an adequate remedy. I disagree. If the circuit court lacked jurisdiction to hear the claim, then we lack jurisdiction to hear the pending appeal, whether interlocutory or not. Therefore, a writ of certiorari is the only adequate remedy available to McCain Mall in this case.

Furthermore, we accepted this petition for writ of certiorari as a case and a briefing schedule was issued. We stayed the briefing schedule on the pending appeal so that we could address the petition for writ of certiorari. This court should not have taken this matter as a case and stayed briefing on the pending appeal to then have the majority reverse course and hold that we should wait to hear the appeal. Doing so in this particular case has caused an unnecessary delay in briefing the appeal, which is a lengthy process. For this court to wait on the appeal when the issue could potentially be disposed of at this time is a waste of time and resources and defeats the purpose of certiorari. It is my opinion that we should decide the jurisdictional issue at this time rather than wait to hear an appeal.

Moreover, we should address this matter now because there is an issue of whether the summons format used by the Arkansas Judiciary Contexte Court Case Management and eFlex Electronic Filing systems strictly complies with Rule 4(b). Long asserts that McCain Mall cannot claim error on the face of the summons because the Pulaski County Circuit Clerk used these electronic filing systems in generating the summons. If there is a problem with the summons format used by these systems, causing summonses generated by these systems to be defective across the board, then we should address this issue now to avoid any further defective summonses from being issued.

While I am not expressing an opinion on the merits of the writ in this dissent, I would not deny the writ to await the appeal; rather, I would decide the jurisdictional issue at this time.

*Friday, Eldredge & Clark, LLP*, by: *Martin A. Kasten* and *Tory H. Lewis*, for petitioner.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for respondent Ethel Long.