RHONDA K. WOOD, Associate Justice ■ ^Petitioner McCain Mall Company Limited Partnership seeks a writ of certiorari. It argues that it was served a fatally defective summons in the underlying litigation. We deny the petition because McCain Mall has an adequate remedy through the interlocutory appeal it has already filed. Ethel Long filed a slip-and-fall complaint against Simon Property Group for an incident that happened at a shopping center. Long believed that Simon Property was the management company for the shopping center. Long later learned that another entity, McCain Mall Company Limited Partnership, was the true management company. As a result, Long filed an amended complaint and substituted McCain. Mall for Simon Property as the actual defendant. |2A summons was issued along with the amended complaint. The summons was directed to “McCain Mall Company Limited Partnership.” However, at the top of the summons, the lawsuit’s caption- read “Ethel Long ■ v. Simon Property Group Inc.” Long served McCain Mall’s registered agent in September 2014. McCain Mall did not file a timely answer. Long then filed a motion for default judgment, which the circuit court granted in November. In December 2014, McCain Mall filed its answer. Long responded with a motion to strike the answer, arguing that McCain Mali’s time to file had long expired and that a default judgment had'already been entered. McCain argued in response that the summons was defective because the caption listed the wrong defendant. The circuit court granted Long’s motion to strike McCain Mall’s answer. (By the same order, the court denied McCain Mali’s motion to set aside the default judgment.) McCain Mall filed a notice of appeal under Arkansas Rule of Appellate Procedure-Civil 2(a)(4) (2015), which permits an immediate appeal from an order that strikes out a pleading. The record was lodged on January 8, 2016, as case number CV-16-26. That appeal is currently on hold. One day before lodging the record in its appeal, McCain Mall filed a petition for writ of certiorari. This petition is now before us. McCain. Mall alleges that the circuit court acted without jurisdiction because the summons was fatally defective. Repeating the argument it made to the circuit court in opposition to Long’s motion to strike, McCain Mall points out that the summons listed the wrong defendant in the caption. Because the | ¡¡summons listed the wrong defendant, McCain Mall argues, the circuit court' never acquired personal jurisdiction. We deny the petition because McCain Mall has another adequate remedy. A writ of certiorari is extraordinary relief. Conner v. Simes, 355 Ark. 422, 139 S.W.3d 476 (2003). Two requirements must be satisfied in order for this court to grant a petition for writ of certiorari. S. Farm Bureau Cas. Ins. Co. v. Parsons, 2013 Ark. 322, 429 S.W.3d 215. First, there can be no other adequate remedy but for the writ of certiorari. Id. Second, a writ of certiorari lies only when (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. Id. We recently addressed this issue in Capital Seniorcare Ventures v. Circuit Court of Pulaski County, 2016 Ark. 263. We reiterated the rule that a petition for writ of certiorari will not lie where the party has a remedy available via appeal. Id. Stated differently, a writ of certiorari cannot substitute for an appeal “unless the right of appeal has been lost by no fault of the aggrieved party.” I.d. at 4. Here, McCain Mall has already filed an interlocutory appeal, which "includes the issue regarding the sufficiency of the summons. McCain Mall raised the issue regarding the summons in opposition to the motion to strike its answer. This interlocutory appeal is an adequate remedy. McCain Mall maintains that a writ‘of certiorari is proper when the summons is defective, citing Patsy Simmons Ltd. P’ship v. Finch, 2010 Ark. 451, 370 S.W.3d 257. • There, we treated a writ of prohibition as a writ of certiorari and granted the writ, noting that “the Rcircuit court was without jurisdiction to hear the case due to failure to serve valid process.” Id. at 9, 370 S.W.3d at 262. However, there was no argument, and therefore we did not address, whether the petitioner had another adequate remedy, which is a threshold requirement. E.g., Ark. Game & Fish Comm’n v. Herndon, 365 Ark. 180, 226 S.W.3d 776 (2006). Here, McCain Mall has another adequate remedy through the interlocutory appeal it has tiled. Accordingly, it has failed to. establish the first reqúirement to grant a petition for writ of certiorari. Petition for writ of certiorari denied.. Danielson, J., dissents.