Cite as 2023 Ark. 57

# SUPREME COURT OF ARKANSAS

**No.** CV–22–649

| | |
|---|---|
| | **Opinion Delivered:** April 6, 2023 |
| HELEN RICE GRINDER<br><br>PETITIONER<br><br>V.<br><br>WILLIAM SCOTT CAMPBELL AND<br>JENNIFER LEIGH CAMPBELL<br>RESPONDENTS | APPEAL FROM THE FAULKNER<br>COUNTY CIRCUIT COURT<br>[NO. 23DR-16-584]<br><br>HONORABLE SUSAN WEAVER,<br>JUDGE<br><br>PETITION DENIED. |

**SHAWN A. WOMACK, Associate Justice**

This case concerns a fee dispute between attorney Helen Grinder and her client William Campbell, and the related remedial procedures. Grinder charged Campbell $10,000 to represent him in an *ex parte* petition for a change in custody. After Campbell prevailed, he fired Grinder, and she sought to formally withdraw as his counsel. Campbell, however, opposed the withdrawal, alleging Grinder retained unearned fees. Although Grinder disagreed, the circuit court ordered Grinder to refund Campbell $10,000 as a condition of withdrawal. Grinder continued to protest the ordered refund, and the circuit court ordered Grinder to appear and show cause. With a potential finding of contempt imminent, Grinder filed this petition for a writ of certiorari to challenge the validity of the refund order. Because Grinder had an adequate alternate remedy available, we deny the petition.

I.  *Background*

Having represented Campbell in the earlier divorce case, Grinder was again his counsel of choice when he faced a situation necessitating an *ex parte* petition to modify the existing custody agreement.  Per an unwritten agreement, Campbell tendered $5,000 to Grinder to secure her representation and paid her another $5,000 after she successfully secured an order modifying the custody agreement.[1]  It is unclear why Campbell then fired Grinder as his attorney.

Pursuant to Arkansas Rule of Professional Conduct 1.16(a)(3) and Arkansas Rule of Civil Procedure 64(b), Grinder filed a motion to withdraw as Campbell's counsel and asserted that she had not retained unearned fees.  Campbell, however, disagreed with Grinder's assertion and instead claimed that Grinder did retain unearned fees, along with his file.  After a series of competing motions, the circuit court held a hearing on Grinder's motion to withdraw.  There, the circuit court questioned Grinder about her billing practices and grew skeptical of the reasonableness of her fee.  At the same time, the circuit court withheld immediate judgment, conceding, "I am going to have to figure out what to do[ ] because I don't know.  This is a first for me."

Two days after the hearing, Grinder and Campbell informed the circuit court they had come to a tentative settlement agreement and requested that the court not issue an order.  Despite the putative settlement agreement, the circuit court informed Grinder and

---

[1] Campbell and Grinder disagree about the amount Campbell paid Grinder to represent him.  Campbell asserts that an earlier $5,000 payment was also part of the fee paid for the *ex parte* petition, which would make the total payment $15,000.  However, the exact amount paid is irrelevant for our consideration of the present petition for a writ of certiorari, as we are not considering the merits of the fee dispute.

Campbell that "the time for settlement was before the hearing." The following day, the circuit court issued an order granting Grinder's motion to withdraw on the condition that she refund $10,000 of allegedly unearned fees to Campbell. Two weeks later, Grinder still had not complied with the refund order, and the circuit court *sua sponte* entered a show-cause order and scheduled a contempt hearing. Before the hearing, Grinder filed a notice of appeal in the court of appeals. She also filed this petition for a writ of certiorari and sought a stay. This court granted the stay and took the petition as a case, so both the bench and the bar could benefit from a written opinion. In the interim, Grinder failed to tender a record for her pending appeal in the court of appeals and, as a result, abandoned the appeal. *Medicanna, LLC v. Ark. Dep't of Fin. & Admin.*, 2021 Ark. 227, at 4.

## II. *Discussion*

A writ of certiorari will not lie when there is an adequate remedy available—for example, an appeal. *Thompson v. McCain*, 2013 Ark. 261, at 7, 428 S.W.3d 502, 506. This is true even when "it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion," or "there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record." *Id*. at 6, 428 S.W.3d at 505–06. Grinder argues that an appeal is not an adequate remedy because, as a nonparty, she cannot appeal the order to refund the purported unearned fees. This is incorrect.

"[A] nonparty might have the right to appeal where he or she has a direct, immediate, and substantial interest which has been prejudiced by the judgment, where he or she has been aggrieved by the decision, or where he or she has a right sufficiently affected by the

judgment." *Swindle v. Benton Cnty. Cir. Ct.*, 363 Ark. 118, 121, 211 S.W.3d 522, 524 (2005) (internal quotation marks and citations omitted). Although an attorney is not a party to his case, an attorney is undoubtedly "aggrieved" and "sufficiently affected by the judgment" when a circuit court orders him to pay a fee, a fine, or a sanction or has otherwise entered a judgment against him personally. *See id.* In *Swindle*, this court considered an analogous issue: whether a nonparty attorney could appeal the circuit court's imposition of a fee against him personally.[2] Noting that "while attorneys have standing to appeal orders imposing sanctions upon them, they may appeal only those fee awards, costs, or sanctions for which he or she is directly liable." *Id.* at 121–22, 211 S.W.3d at 524 (internal quotation marks and citations omitted). Here, the circuit court's order held Grinder directly liable for the refund of allegedly unearned fees and conditioned her withdrawal as counsel on the payment of the refund. Thus, Grinder had standing to appeal the order.

Nonparties may appeal an order holding them directly liable only if the order is final or otherwise appealable. Ark. R. App. P.–Civ. 2(a)(1). Whether a judgment, decree, or order is final and appealable implicates this court's appellate jurisdiction, and it is an issue we must consider on our own. *Ford Motor Co. v. Harper*, 351 Ark. 559, 560, 95 S.W.3d 810, 811 (2003). An order is final if it conclusively resolves the rights to the subject matter in controversy—here, the fee dispute. *See Lenders Title Co. v. Chandler*, 353 Ark. 339, 350,

---

[2]An attorney, Ken Swindle, appealed the circuit court's order directing him to pay $150 for interpreting services that were provided to his Spanish-speaking client. *Swindle*, 363 Ark. at 120, 211 S.W.3d at 523. Swindle's sole point on appeal was that the circuit court erred in holding him personally responsible for payment of the fee, *id.*, but this court affirmed the sanction because Swindle failed to object to its imposition below. *Id.* at 123, 211 S.W.3d at 525.

107 S.W.3d 157, 163 (2003). Simply put, an order is final once it "put[s] the [circuit] court's directive into execution, ending the litigation or a separable branch of it." *Festinger v. Kantor*, 264 Ark. 275, 277, 571 S.W.2d 82, 84 (1978). The circuit court's order requiring Grinder to refund $10,000 to Campbell conclusively resolved the fee dispute below, which made it a final, appealable order. This, coupled with Grinder's standing to appeal the fee refund, meant there was an adequate remedy other than a writ of certiorari for her to challenge the circuit court's fee adjudication.

III. *Conclusion*

Because Grinder could have appealed the circuit court's order requiring her to refund fees, a writ of certiorari will not lie. This alone is fatal to her petition for a writ of certiorari, and we will not consider whether the circuit court exceeded its jurisdiction. *McCain Mall Co. Ltd. P'ship v. Pulaski Cnty. Cir. Ct.*, 2016 Ark. 279, at 4, 495 S.W.3d 625, 627. Finally, nothing in this opinion should be construed as considering the merits of the fee dispute. Our holding today is limited to the availability of an appeal and appropriateness of a writ of certiorari in this unique situation.

Petition denied.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Dodds, Kidd, Ryan & Rowan*, by: *Lucas Rowan* and *Catherine A. Ryan*, for appellee.