Cite as 2025 Ark. 97

# SUPREME COURT OF ARKANSAS

No. CV-24-522

TIKTOK INC., TIKTOK PTE LTD., BYTEDANCE INC., AND BYTEDANCE LTD.

PETITIONERS

V.

STATE OF ARKANSAS

RESPONDENT

Opinion Delivered: May 29, 2025

PETITION FOR WRIT OF CERTIORARI OR, IN THE ALTERNATIVE, A WRIT OF PROHIBITION, WRIT OF MANDAMUS, OR OTHER SUPERVISORY WRIT

PETITION FOR EXTRAORDINARY RELIEF DENIED.

**BARBARA W. WEBB, Justice**

Petitioners TikTok Inc., TikTok Pte. Ltd., ByteDance Inc., and ByteDance Ltd (collectively, "Petitioners") seek a writ of certiorari or other extraordinary writ following the Cleburne County Circuit Court's order denying Petitioners' motion to dismiss the State of Arkansas's amended complaint for lack of personal jurisdiction. We deny the petition.

The State filed an amended complaint against Petitioners on October 4, 2023. The complaint consisted of twelve counts, including eleven alleged violations of the Arkansas Deceptive Trade Practices Act, codified at Ark. Code Ann. §§ 4-88-101 through -1403 (Repl. 2023), and one claim of unjust enrichment. In response, Petitioners filed a motion to dismiss the complaint arguing, in pertinent part, that the circuit court lacked specific jurisdiction because the State did not adequately allege that Petitioners purposefully availed themselves of Arkansas, and the State's causes of action do not arise from Petitioners' contacts with Arkansas.

On May 15, 2024, the circuit court entered an order denying Petitioners' motion to dismiss. It found that Petitioners had availed themselves of doing business in Arkansas by entering into hundreds of thousands of service contracts with Arkansas residents who have downloaded the TikTok application. This allowed Petitioners to serve content and collect data from Arkansas users for the ultimate purpose of generating revenue through geographically targeted advertisements. The circuit court further found that the display of Petitioners' allegedly false age-rating representations on the application stores where Arkansans download TikTok constituted the necessary contacts from which the State's claims relate. Accordingly, the circuit court concluded that the State had pleaded sufficient facts to establish specific personal jurisdiction over Petitioners.

On August 12, 2024, Petitioners filed a petition for writ of certiorari or, in the alternative, a writ of prohibition, writ of mandamus, or other supervisory writ, and a motion to stay proceedings in the circuit court. They argued that no other adequate remedy was available to prevent the circuit court from improperly exercising jurisdiction. We subsequently took the petition as a case and granted the motion to stay proceedings.

A writ of certiorari is extraordinary relief. *McCain Mall Co. Ltd. P'ship v. Pulaski Cnty. Circuit Court*, 2016 Ark. 279, 495 S.W.3d 625. For this court to grant a petition for writ of certiorari, there can be no other adequate remedy but for the writ. *S. Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, 429 S.W.3d 215. The writ will not lie when there is an adequate remedy available—for example, an appeal. *Grinder v. Campbell*, 2023 Ark. 57, 661 S.W.3d 675.

Petitioners assert that an extraordinary writ is the only avenue to challenge the circuit court's erroneous jurisdictional finding before they are forced to expend substantial resources defending claims in an improper forum. This assertion does not give rise to the issuance of a writ. Matters of personal jurisdiction are not proper subjects for an extraordinary writ. *See Finney v. Cook*, 351 Ark. 367, 372, 94 S.W.3d 333, 337 (2002). This is so because personal jurisdiction generally turns on a fact-intensive question such as whether the defendant has sufficient contacts with the forum state or whether the defendant purposely availed himself of the protections of the forum state. *Id.* Such is the case here, as Petitioners contest whether the State's cause of action relates to Petitioners' contacts with Arkansas. And, as discussed above, the circuit court made factual findings regarding this question in its order.

Moreover, Petitioners may raise issues of jurisdiction in an appeal. *See S. Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, at 5, 429 S.W.3d 215, 219 (denying a writ of certiorari because jurisdiction can be addressed in an appeal). This court has been steadfast in holding that certiorari may not be used as a substitute for an appeal. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). Based on the foregoing, we hold that Petitioners have another adequate remedy. We therefore deny Petitioners' petition for writ of certiorari or other extraordinary writ.

Petition for extraordinary relief denied.

Special Justice BARBARA HALSEY joins.

BRONNI, J., not participating.

*Wright, Lindsey & Jennings LLP*, by: *Scott A. Irby*, *Michael A. Thompson*, and *Jessica Pruitt Koehler*, for petitioners.

*Tim Griffin*, Att'y Gen., by: *Matthew M. Ford*, Sr. Ass't Att'y Gen., for respondent.

*Friday, Eldredge & Clark, LLP*, by: *Martin A. Kasten*, *Marshall S. Ney*, and *Katherine C. Campbell*, brief of amicus curiae NetChoice.

*Pillsbury Winthrop Shaw Pittman LLP*, by: *Anne M. Voigts*; *Conner & Winters, LLP*, by: *Kerri E. Kobbeman*, brief of Derek Bambauer and Alan Trammell as amicus curiae in support of petitioners.