

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-933

| | |
|---|---|
| | Opinion Delivered   April 12, 2017 |
| MILTON SHANNON<br><div align=right>APPELLANT</div> | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-11-4417] |
| V. | |
| MILTON STEINBERG AND SAMUEL MACLIN<br><div align=right>APPELLEES</div> | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Milton Shannon appeals the Pulaski County Circuit Court's June 21, 2016 order denying his motion to vacate an arbitration award. Appellant contends that the trial court erred in refusing to vacate the award because the arbitrator improperly granted summary judgment in appellees' favor without allowing appellant to present proper evidence material to the controversy or a chance to have a fair hearing. We find no error and affirm.

The parties entered into a limited liability company (LLC) agreement on or about April 6, 2007. Approximately four years later, on April 7, 2011, appellees notified appellant that they were exercising their rights under the agreement to buy appellant's interest in M3 Enterprises, LLC.[1] Appellant filed a complaint for declaratory judgment and injunctive relief on September 13, 2011. In his complaint, appellant contended that appellees did not have

---

[1]The LLC owned Copeland's of Little Rock.

the right to unilaterally purchase his interest without the prior written consent of all three members, and he sought injunctive relief ordering appellees to grant him access to the property and to produce the books and records of the enterprise. He included, as an exhibit, a copy of what he alleged was the parties' agreement. Appellees filed an answer to appellant's complaint and a counterclaim on September 30, 2011. They denied the material allegations of appellant's complaint. In their counterclaim, appellees contended that they were in possession of the "Actual Agreement" and asked the court to determine the validity of the agreement and to order appellant to arbitrate his claims as per the "Actual Agreement." Appellant answered the counterclaim on October 12, 2011, denying the material allegations. A hearing took place on May 29, 2012, and the court entered a final judgment on June 14, 2012, in which it found that the agreement presented by appellees was the "Actual Agreement" and that pursuant to that agreement, appellees constituted a majority interest in the enterprise and could validly remove appellant and purchase his interest in the enterprise. The court directed the parties to arbitrate any issues with regard to the value of appellant's interest in the enterprise.

The parties submitted valuations of appellant's interest to the arbitrator. On February 17, 2016, the arbitrator entered an award valuing appellant's interest in the enterprise at $107,116.22. In accepting appellees' CPA's valuation of appellant's interest, the award stated in pertinent part as follows:

> The Respondents contend in their motion that the letter opinion (now in affidavit form) prepared by the LLC's C.P.A G.T. Dethloff is correct in valuing Claimant's interest in the LLC at $107,116. 22. Mr. Dethloff simply calculated his numbers and opinion based on the financial statements as of March 31, 2011 provided by the LLC

SLIP OPINION

and its bookkeeping service. He did not conduct an audit or review as defined by accounting principles. Respondents state that only a calculation to determine a LLC member's interest value is required by §9.5 (a) and (b) of the LLC Agreement for M3. The previous letter opinion to all LLC members by Mr. Dethloff was done on a more informal basis but professionally done. That letter opinion stated that the calculated numbers for each of the three members' interest valuations was "provided for illustrative purposes only." That original letter did list claimant's value of his interest in the LLC at $107,116.22 as of March 31, 2011. The more current letter opinion lists the same value for claimant's interest in the LLC. This new opinion letter has removed the language regarding "for illustrative purposes", is sworn to before a notary, and Mr. Dethloff has attached the financial statements on which he relied and the sheet showing the adjustments he made to the balance sheet.

Respondents' counsel David Powell states that the Claimant's C.P.A. has not put forth any correct calculations that refute Mr. Dethloff's calculations and that comply with the method of calculation listed in §9.5 (a) and (b) of the LLC Agreement. The Claimant's C.P.A. Alan K. Minor submitted an extensive report, verified by a notary, calculating the value of the Claimant's interest in the LLC as of March 31, 2011 using three different methods[.] These three calculations resulted in valuations per Mr. Minor of $495,174.00, $591,300.00 and $1,120,864.00, with a composite average valuation for claimant's 43% of the LLC being $735,779.00.

Respondents' counsel argues that Mr. Minor's opinions take in a lot of outside information, including valuations other major restaurant chains use. Respondents' key point is that the Claimant's capital account "shall be valued as per the books of account of the company" as of the proper valuation date. I do find that the proper valuation date per the LLC agreement (§§ 9.5 (c) and 9.7) is March 31, 2011. Further, Respondents argue that an audit or a review as defined in the accounting profession were not required by the LLC Agreement. That statement is correct. Thus, neither C.P.A. performed an audit or a review.

CONCLUSIONS

The ultimate task for this arbitrator is to decide if the Respondents are entitled to Summary Judgment on the issue of Claimant's Valuation of his LLC interest. To determine this I must first determine if there are any genuine issues of material fact and secondly determine if Respondents are entitled to judgment as a matter of law.

As to factual disputes, I find none. The expert opinion of Respondents' C.P.A. Mr. Dethloff does follow the requirements of the LLC Agreement and there has been no challenge to his mathematical calculations. Whereas Claimant's C.P.A. Alan Minor went in a different direction making calculations based on outside restaurant industry

valuations, risks associated with owning a business and the like. While Mr. Minor was using very valid methodologies, he was not following the simple terms of the LLC agreement in §9.5 (a) and (b) in making his calculations. The difference in the two C.P.A.s' calculations does not create a factual issue. This is strictly a matter of the legal interpretation of the LLC Agreement by this arbitrator.

There has been no counter calculation offered by the Claimant that is in conformity with the valuation requirements of the LLC agreement. Thus, I find that the proper valuation of Claimant's interest in M3 is that submitted by G.T. Dethloff, as the LLC's accountant. I find that Claimant's interest is valued at $107,116.22.

Next, I must determine if Respondents are entitled to an Award (Judgement) as a matter of law. In reviewing Circuit Judge Tim Fox's Judgment in the Circuit Court case, my previous two orders of October 21, 2014 and November 6, 2014 and all of my file, I conclude that Respondents are entitled to an award (Judgment) as a matter of law. Thus, this concludes all issues before this arbitrator at this time.

Appellees subsequently filed a motion for attorney's fees and were granted fees in the amount of $12,500, to be paid from appellant's interest in the enterprise. Appellant filed a motion to vacate the award on May 17, 2016, contending that the arbitrator "refused to consider evidence material to the controversy" and that appellant was "denied a fair hearing based upon the arbitrator's misapplication of the law and the acceptance of improper evidence to determine the issue of value." Appellees filed a response on May 23, 2016, contending that appellant's motion was frivolous and that the award should be confirmed. The court issued an order on June 21, 2016, denying appellant's motion to vacate the award. Appellant filed a timely notice of appeal on July 21, 2016. This appeal followed.

An arbitration award may be vacated if "[t]he arbitrator refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 16-

108–205, as to prejudice substantially the right of a party[.]"[2]  As a matter of public policy, arbitration is strongly favored in Arkansas, and the party attempting to overturn the award bears the burden of proof.[3]  Significantly, the court's role is not to determine if the arbitrators decided the dispute correctly but only whether the arbitrators acted within their jurisdiction.[4]  Indeed, our deference is so great that the failure of the arbitrators to follow the law as a court would have done provides no grounds for relief.[5]  Mistakes of law or fact are insufficient to set aside an award.[6]  Our review is limited to vacating an award only upon the enumerated statutory grounds, unless the award is violative of a strong public policy.[7]  We have held that the arbitrator's decision on all questions of law and fact is conclusive, unless grounds are established to support vacating or modifying the award.[8]

Appellant contends that the trial court erred by failing to vacate the award because the arbitrator refused to consider proper evidence material to the controversy or to allow appellant a fair hearing.  The record before us shows that both parties submitted valuations reflecting appellant's interest in the enterprise.  However, only appellees' valuation complied with the

---

[2]Ark. Code Ann. § 16–108–212(a)(4) (Repl. 2006).

[3]*Hart v. McChristian*, 344 Ark. 656, 42 S.W.3d 552 (2001).

[4]*Id.*

[5]*Id.* (citing Ark. Code Ann. § 16–108–212(b)).

[6]*Id.*

[7]*Id.*

[8]*Dean Witter Reynolds, Inc. v. Deislinger*, 289 Ark. 248, 711 S.W.2d 771 (1986).

terms of the agreement. Appellees moved for, and were granted, summary judgment. We recognize that appellant bears the burden of overturning the award. We also recognize that the trial court's only duty was to determine whether the arbitrator acted within his jurisdiction and not to evaluate whether the dispute was correctly decided. Despite his argument, appellant has failed to prove a statutory ground for vacating the award. The ground claimed by appellant is not supported by the evidence. Accordingly, we affirm the trial court's refusal to vacate the arbitration award under these circumstances.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Williams & Anderson PLC*, by: *Heather G. Zachary* and *David M. Powell*, for appellees.

SLIP OPINION