Cite as 2024 Ark. App. 116

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-22-449

| | |
|---|---|
| PHOEBE GRIFFIN, M.D. <br> APPELLANT <br><br> V. <br><br> ARKANSAS HEALTHCARE SERVICES, LLC D/B/A PHYSICIANS FOR WOMEN <br> APPELLEE | **Opinion Delivered** February 21, 2024 <br><br> APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [No. 26CV-21-734] <br><br> HONORABLE MARCIA R. HEARNSBERGER, JUDGE <br><br> AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Dr. Phoebe Griffin appeals from an order of the Garland County Circuit Court denying and dismissing her petition to modify an arbitration award under a statute that applies if an arbitrator "has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted." Ark. Code Ann. § 16-108-224(a)(2). We will call the petition a "motion" because, except in circumstances that don't apply here, an application for judicial relief under that subchapter "must be made by motion to the court and heard in the manner provided by law or rule of court for making and hearing motions."[1] We affirm.

---

[1] Ark. Code Ann. § 16-108-205(a); *see also id*. cmt. 2 ("Legal actions under both the [Revised Uniform Arbitration Act] and the [Federal Arbitration Act] generally are conducted by motion practice and are not subject to the delays of a civil trial.").

Dr. Griffin is an OB/GYN.  In July 2018, she accepted a position with Arkansas Healthcare Services, LLC (AHS), which employs physicians to work in National Park Medical Center, a hospital in Hot Springs.  The parties entered a Physician Employment Agreement (PEA) with a three-year term.  Naturally, it included "I work" and "you pay me" provisions.  One was a $25,000 signing bonus Dr. Griffin would receive immediately; but she would have to repay in part if her employment ended before the contract term.  Other provisions set out how and why each party could terminate the contract.  An arbitration clause read, in the part that matters here, as follows:

> *Arbitration.*  Any dispute or claim arising out of or related to this Agreement (including disputes regarding the validity or scope of this provision), the subject matter thereof, or the relationship between the parties ("Claim") shall be resolved through arbitration administered, at Employer's election, by the . . . American Health Lawyers Association ("AHLA") pursuant to its Rules of Procedure for Arbitration . . . . Except as otherwise required by law or necessary to comply with or enforce an award, all aspects of the arbitration and its proceedings shall remain confidential.  Any award or portion of award shall be in made writing and shall specify the factual and legal bases thereof, and any such award shall be final and may be enforced in any court having jurisdiction in accordance with applicable law.

AHS sent Dr. Griffin a letter in April 2019 terminating her employment immediately.  She disputed there was cause for termination but, it appears, acknowledged the need to determine that through arbitration.  She submitted a statement of claim for breach of contract to the American Health Lawyers Association, one of two arbitrators offered in the PEA:

> Dr. Phoebe Griffin received a letter from Richard Grisso, Director of Physician Services/Arkansas Health Services, LLC dated April 29, 2019, terminating the Physician Employment Agreement between Arkansas Healthcare Services, LLC and Dr. Griffin.

> Dr. Griffin believes her termination was wrongful and that Arkansas Healthcare Services, LLC is in breach of the Physician Employment Agreement. She demands immediate reinstatement to her position with full back salary and benefits.

The parties tell us this served, in the arbitration, like a complaint in a civil action. *See* Ark. R. Civ. P. 3(a). AHS defended the termination in a written answering statement (like an answer). It "specifically denie[d]" that Dr. Griffin's termination was wrongful, denied breaking the PEA, and denied Dr. Griffin was "entitled to any relief whatsoever." It asked to be awarded the unearned part of Dr. Griffin's sign-on bonus (like a counterclaim), "and all other relief the Arbitrator deems just and proper."

In the answering statement, AHS rested its termination decision on two provisions in paragraph 6.3 of the PEA that allowed it to terminate a physician's employment immediately, without severance, for specified causes. In a detailed thirty-one page order that generally vindicated Dr. Griffin's side of the employment dispute,[2] Robert Anderson, the AHLA arbitrator, found AHS did not prove either cause. But instead of ordering reinstatement and awarding full wrongful-termination damages, he sustained the termination under a clause neither party cited in those statements. Under paragraph 6.4 of the PEA, AHS could have terminated Dr. Griffin immediately *without* cause by paying her 120 days' compensation. Anderson awarded Dr. Griffin a net $99,960.74, reflecting 120 days' compensation less the unearned part of her sign-on bonus.

---

[2]Among other things, he noted that Dr. Griffin came to the hospital as a "top draft choice" and concluded that "much of the disagreement was a difference in style and practice between [Dr. Griffin] and her co-workers at the hospital."

3

Dr. Griffin timely filed a motion to modify the arbitration award in circuit court under section 16-108-224(a)(1). After argument at a hearing and post-hearing briefs, the circuit court denied the motion, confirmed the award, and dismissed the case.[3]

The question Dr. Griffin pressed in the circuit court was whether, by making an award under an alternative contract provision that was not specifically cited in the parties' statements of claim the arbitrator "made an award on a claim not submitted to the arbitrator." Ark. Code Ann. § 16-108-224(a)(2). In this court, the question is whether Dr. Griffin has demonstrated reversible error in the circuit court's conclusion that he did not. That requires us to decide what a "claim not submitted to the arbitrator" means—a task neither party meaningfully attempted.

Our review in this setting is limited and deferential to the arbitrator. *See Goldtrap v. Bold Dental Mgmt., LLC*, 2018 Ark. App. 209, at 9, 547 S.W.3d 104, 110 (2018). We have observed that "[a]s a matter of public policy, arbitration is strongly favored in Arkansas, and the party attempting to overturn the award bears the burden of proof." *Shannon v. Steinberg*, 2017 Ark. App. 231, at 5, 519 S.W.3d 363, 366–67 (2017). We do not review the award for errors of law or fact—only whether the arbitrator acted within his jurisdiction. *Id.*

There is no Arkansas authority interpreting section 224(a)(2), which was adopted in 2011 as part of the Uniform Arbitration Act. The uniform law's drafters left no commentary for that section either. But the other sections, and the background principles of arbitration

---

[3]Dr. Griffin does not argue the order was affected by any procedural error. AHS orally moved to dismiss and deny the motion at a hearing on a motion for a protective order involving discovery requests Dr. Griffin had served. AHS had previously filed a written response to the motion to modify urging the court to deny it on the same grounds.

4

law they incorporate, show that the modification remedy in section 224(a)(2) applies when an arbitrator decides a matter the parties had not agreed to arbitrate—and therefore exceeds the jurisdiction they conferred—but vacating the award isn't necessary because the out-of-bounds part of the award can be severed from the in-bounds part. *Compare* Ark. Code Ann. § 16-108-223(a)(4) & (5) *with* Ark. Code Ann. § 16-108-224(a)(2).

True to its title, a "submission to arbitration" or "submission agreement" is a contract in which parties refer disputed matters to a third party to settle their legal rights and duties with a binding decision. *Alderman & Alderman v. Pollack*, 917 A.2d 60, 63 (Conn. Ct. App. 2007) (quoting 4 Am. Jur. 2d 143, Alternative Dispute Resolution §§ 85 & 86 (1995)). An award outside its scope "binds no one," so an award "should not exceed the powers granted by the submission." 21 Williston on Contracts § 57:118 (4th ed.); *see also Coleman Co. v. Int'l Union, United Auto., Aircraft & Agr. Implement Workers of Am. (UAW-CIO)*, 317 P.2d 831 (Kan. 1957). The submission can differ from what the parties had committed to arbitrate before the dispute arose.[4] Finally, what has (and has not) been submitted to an arbitrator is often determined by the procedural rules of the arbitration forum.[5]

---

[4]*E.g.*, *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Loc. No. 1*, 611 F.2d 580, 583 (5th Cir. 1980). For that matter, parties can submit to arbitration without a prior agreement to arbitrate.

[5]*Peacock v. Wave Tec Pools, Inc.*, 107 S.W.3d 631, 637–38 (Tex. Ct. App. 2003) (parties' post–dispute "Agreement to Arbitrate," not the arbitration clause in their original contract, determined submission to arbitrator because Better Business Bureau's incorporated rules for arbitration "specifically delineate the arbitrator's authority as 'limited to the scope of the Agreement to Arbitrate.'"); *see also Thomas v. Prudential Sec., Inc.*, 921 S.W.2d 847, 850 (Tex. Ct. App. 1996) (arbitrator had authority to award attorney fees under the New York Stock Exchange rules for arbitration, which the parties incorporated in their submission agreement); *In re Prudential-Bache Sec., Inc. & Depew*, 814 F. Supp. 1081 (M.D. Fla. 1993) (arbitrator had no authority to award attorney fees because incorporated

That last point is a problem: the parties incorporated the AHLA's Rules of Procedure for Arbitration in the PEA,[6] but neither party introduced them below. AHS argues that one rule says an arbitrator "may award any relief authorized by contract or applicable law that appears to be fair under the circumstances[.]" "Big if true," as they say, but it was supplied in argument, not evidence, and it's only one rule.

Without the AHLA Rules, we have no confidence the record includes the material that determined what was or was not "submitted to the arbitrator" under section 224(a)(2). Arguably, we should stop there and affirm. If the circuit court could not have conducted the right analysis on the record it had, the party who lost cannot demonstrate, on the same record, that the outcome was wrong. We recognized a similar deficiency in *Goldtrap*, 2018 Ark. App. 209, 547 S.W.3d 104. There, the appellant had sought to vacate an award under section 223(a)(3) because an arbitrator refused to consider material evidence. On appeal, we had "no way of knowing what testimony was before the arbitrator because the parties decided against having the hearing transcribed." 2018 Ark. App. 209, at 9–10, 547 S.W.3d at 110.

We don't have a transcript in this case either—or any papers filed in the arbitration except the initial statements, the PEA, and the final award. Based on the record before us, the PEA and Dr. Griffin's statement of claim alone would foreclose modification under

---

American Arbitration Association rules included one that limited remedies to those expressly provided for by contract).

[6]*See, e.g., HPD, LLC v. TETRA Techs., Inc.*, 2012 Ark. 408, at 11, 424 S.W.3d 304, 311 (holding that parties' agreement incorporating arbitration forum's rules "manifest[ed] a clear and unmistakable intent" to arbitrate questions of arbitrability as those rules provided.)

section 224(a)(2). First, the agreement to arbitrate in the PEA applies broadly to "[a]ny dispute or claim arising out of or related to this Agreement (including the validity or scope of [that] provision), the subject matter thereof, or the relationship between the parties." Setting aside what might have happened in arbitration proceedings that aren't in the record, or whether that complied with AHLA rules we don't have, the parties' dispute was arbitrable under the PEA. Dr. Griffin opened the arbitration proceedings by describing her termination, and her claim, as broadly as could be: "Dr. Griffin believes her termination was wrongful and that Arkansas Healthcare Services, LLC is in breach of the Physician Employment Agreement."

Anderson, the arbitrator, agreed with Dr. Griffin in part and determined that while AHS did not prove that her conduct violated paragraph 6.3 for termination with cause, AHS had the contractual authority to dismiss her under paragraph 6.4 upon payment of 120 days' compensation. Nothing in the record indicates the arbitrator exceeded his jurisdiction by doing so. Therefore, the circuit court's decision is affirmed.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*McKissic & Associates, PLLC*, by: *Gene E. McKissic, Sr.*, for appellant.

*Waller Lansden Dortch & Davis, LLP*, by: *Marcus M. Crider*, for appellee.

7