Cite as 2025 Ark. App. 597

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-24-318

| | |
|---|---|
| PROGRESSIVE ELDERCARE SERVICES, INC., D/B/A RIVER RIDGE REHABILITATION AND CARE CENTER A/K/A PROGRESSIVE ELDERCARE SERVICES – CROSS, INC., D/B/A RIVER RIDGE REHABILITATION AND CARE CENTER; ROSS M. PONTHIE; JOHN PONTHIE; SOUTHERN ADMINISTRATIVE SERVICES, LLC; MLD PROPERTIES, LLC; CARE CAPITAL PROPERTIES, INC.; SABRA HEALTH CARE REIT, INC.; PROFESSIONAL NURSING SOLUTIONS, LLC; CAREPLUS STAFFING SOLUTIONS, LLC; JENNIFER LYNCH, IN HER CAPACITY AS ADMINISTRATOR OF RIVER RIDGE REHABILITATION AND CARE CENTER; ROBERT DAVID BRAZILE, IN HIS CAPACITY AS ADMINISTRATOR OF RIVER RIDGE REHABILITATION AND CARE CENTER; BARCLAY JEAN LACKEY, IN HIS CAPACITY AS DIRECTOR OF NURSING OF RIVER RIDGE REHABILITATION AND CARE CENTER; AND BETTY JEAN COOPER, IN HER CAPACITY AS DIRECTOR OF NURSING OF RIVER RIDGE REHABILITATION AND CARE CENTER **APPELLANTS**<br><br>V.<br><br>JULIE ANN CAMPBELL, AS SPECIAL ADMINISTRATOR FOR THE ESTATE OF IMOGENE YOUNG WATSON, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF IMOGENE YOUNG WATSON **APPELLEE** | **Opinion Delivered** December 10, 2025<br><br>APPEAL FROM THE CROSS COUNTY CIRCUIT COURT [NO. 19CV-20-5]<br><br>HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE<br><br><br>REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

This appeal asks whether a plaintiff, after agreeing to arbitrate all her claims, can then totally unwind a complete loss in arbitration by running back to the circuit court and filing a motion for nonsuit. In other words, can a plaintiff, and only the plaintiff, test the legal waters at arbitration, lose on merit-based orders, and then decide "never mind?" Fundamental notions of fair play clearly prevent such a one-way release valve. So does the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (FAA), which the parties agreed should apply. Who, after all, would ever agree to arbitrate claims if *one side* could unwind merit orders from an arbitrator if they lose? That is what happened here. We reverse the circuit court's decision to permit that course of conduct.

The appellants, persons and entities associated with River Ridge Rehabilitation and Care Center, appeal an order dismissing Julie Ann Campbell's nursing-home negligence complaint without prejudice. Can you appeal that? Usually not. *E.g., Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000). But on these facts, you can. The circuit court dismissed the case after ordering it stayed for arbitration under the FAA.[1] After the arbitrator dismissed all Campbell's claims with prejudice, she moved to dismiss them without prejudice under Arkansas Rule of Civil Procedure 41(a) instead.

---

[1]An order compelling arbitration under the FAA and dismissing the underlying claims without prejudice is "a final decision with respect to an arbitration" that is appealable under 9 U.S.C. § 16(a)(3). *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 179 (2019). Orders that were appealable by statute on 1 July 1979 can be appealed under Ark. R. App. P.–Civ. 2(a)(12). That includes orders appealable under the FAA, which was then in effect. *BHC Pinnacle Pointe Hosp., LLC v. Nelson*, 2020 Ark. 70, 594 S.W.3d 62.

Can you do that? Of course not, for reasons that touch both the jurisdictional and merits issues in this appeal. The relevant timeline is simple. In May 2022, after the defendants moved to compel arbitration, the circuit court entered this *agreed order*, signed by counsel for all parties:

> 1. By agreement of the parties, Defendants' Motion to Compel Arbitration is granted. These proceedings are hereby stayed pending binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

> 2. Subject to the provisions set forth herein, the Arbitration shall be conducted pursuant to the Federal Arbitration Act, 9 U.S.C, § 1, et seq.

The docket went quiet. The parties chose Chris Gomlicker of Hamlin Dispute Resolution, LLC, to arbitrate. On 22 June 2022, they entered a written agreement with him about what they would arbitrate, how the arbitration would be conducted, and other particulars, including the cost. On 25 August 2023, Gomlicker ordered that "Plaintiff's claims against all Defendants in this matter are hereby DISMISSED, with prejudice." Campbell filed the nonsuit motion in circuit court some days later.

Though the parties' June 22 agreement is titled "Arbitration Agreement," in substance it was a "submission agreement" of the kind we discussed in *Griffin v. Arkansas Healthcare Services, LLC*:

> True to its title, a "submission to arbitration" or "submission agreement" is a contract in which parties refer disputed matters to a third party to settle their legal rights and duties with a binding decision. *Alderman & Alderman v. Pollack*, 917 A.2d 60, 63 (2007) (quoting 4 Am. Jur. 2d 143 *Alternative Dispute Resolution* §§ 85 & 86 (1995)). An award outside its scope "binds no one," so an award "should not exceed the powers granted by the submission." 21 Williston *on Contracts* § 57:118 (4th ed.); *see also Coleman Co. v. Int'l Union, United Auto., Aircraft & Agr. Implement Workers of Am. (UAW-CIO)*, 317 P.2d 831 (1957). The submission can differ from what the parties had committed to arbitrate before the dispute arose. Finally, what has (and

has not) been submitted to an arbitrator is often determined by the procedural rules of the arbitration forum.

2024 Ark. App. 116, at 5, 684 S.W.3d 639, 642 (footnotes omitted).

In *Griffin*, the plaintiff moved to modify an arbitration award, arguing the arbitrator had made an award on a claim the parties had not submitted. After deciding what "submitted to the arbitrator" meant, we compared the submission agreement to the arbitrator's award at the end and held that the arbitrator had stayed within his jurisdiction.

This appeal also involves a dispute about whether a claim was "submitted" to the arbitrator (in a different sense than in *Griffin*), and the submission agreement is central here, too. In it, the parties agreed as follows:

> These parties desire that this arbitration fully and finally resolve all issues only between themselves. These parties also agree and are bound by the Arkansas Rules of Civil Procedure and the Arkansas Rules of Evidence in this Arbitration.

In the first sentence, the parties "submitted" all issues in their dispute to the arbitrator in the sense we discussed in *Griffin*. *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Loc. No. 1*, 611 F.2d 580, 584 (5th Cir. 1980) ("If the parties enter into a submission agreement, this later contract is the substitute for legal pleadings; it joins the issues between the parties and empowers the arbitrator to decide it."). Next, they agreed to arbitrate using the Arkansas Rules of Civil Procedure (the "Rules"). That reference seeded this appeal. Because the Rules include the voluntary-dismissal provision in Rule 41, Campbell concluded she could nonsuit until "the final submission of the case to the jury, or to the court where the trial is by the court," Ark. R.

4

Civ. P. 41(a)(1)—a point no arbitration could reach as she construes the rule.[2]  The defendants argued the FAA controlled the court's options and that Campbell's claims had been "finally submitted" (in the Rule 41 sense) to the *arbitrator*.  But they did not question that the circuit court could have granted a nonsuit until that critical–mass point.  The circuit court decided the Rule 41 issue head-on:

> This case has never been to a finder of fact as recognized by Rule 41 of the Arkansas Rules of Civil Procedure.  An arbitrator is NOT a finder of fact, and the parties did NOT agree as to the finality of the arbitrator's decision as required by Arkansas Rule of Civil Procedure 41(a)(2).

It should have abstained.  The parties submitted all disputed issues for arbitration. Afterward, what procedural cards the FAA did not reserve for the court moved to the arbitrator's deck.  Generally, "procedural questions which grow out of the dispute and bear on its final disposition" are for the arbitrator, not the courts, to decide.  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal quotations omitted).  Whether Campbell could nonsuit her claims under Rule 41 after the arbitrator dismissed them was a question for the arbitrator, not the court.  Indeed, Campbell traces her right to nonsuit to the parties' submission agreement *with the arbitrator* to govern the arbitration after the case was stayed.  Because the circuit court had no authority under the FAA to dismiss without prejudice after it ordered the parties to arbitrate and stayed the case, we reverse and remand.

---

[2]Campbell argues that Rule 41 confers "an absolute right to nonsuit . . . until there is a 'final submission of the case to the jury, or to the court where the trial is by the court.' It says nothing about an arbitrator."  Because Rule 41 would not have prevented her from accepting a *favorable* arbitration award, Campbell seems to view it as the litigation equivalent of an extra life.

When a case is subject to arbitration under the FAA, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. While the case is stayed, the trial court retains only a vestige of jurisdiction to "assist parties in arbitration by, for example, appointing an arbitrator, enforcing subpoenas issued by arbitrators to compel testimony or produce evidence, and facilitating recovery on an arbitral award." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (citing 9 U.S.C. §§ 5, 7 & 9) (citations omitted). The merits, and any other issues the parties agreed to arbitrate, are off limits. *Kilgore v. Mullenax*, 2017 Ark. 204, 520 S.W.3d 670 (arbitrator's decision that FAA applied was conclusive because the parties agreed he would determine jurisdiction); *HPD, LLC v. TETRA Techs., Inc.*, 2012 Ark. 408, 424 S.W.3d 304 (remanding to compel arbitration where parties agreed to arbitrate questions of arbitrability). When arbitration concludes, the court "must" confirm the arbitration award "unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§] 10 and 11." *Kilgore*, 2017 Ark. 204, at 3, 520 S.W.3d at 673. And the court must stay the claims during arbitration, not dismiss them, because even if the winner could confirm the award in a new suit, "requiring a party to file a new suit ignores the plain text of [9 U.S.C.] § 3." *Smith*, 601 U.S. at 477 n.3. Dismissing this case without prejudice was inconsistent with all of the above.

Campbell argues the defendants' points about the FAA were not preserved for appeal. Why not? Because the defendants did not raise them at the "first opportunity." This is a meritless point. According to Campbell, the defendants' response to her nonsuit motion, which they filed less than twenty-four hours later, was the first opportunity. In the opening

paragraph of that response, defendants urged the court to dismiss Campbell's complaint with prejudice instead "because all of Plaintiff's claims against Defendants have been resolved in binding arbitration." They attached the agreed order that had compelled them to arbitrate under the FAA and the arbitration orders resolving Campbell's claims there. They also requested a hearing, which was held three months later. Our preservation rules should be construed to prevent unfairness, not inflict it. The record reflects no sandbagging or bet hedging by the defendants in briefing the effect of the FAA on the nonsuit issues; nor any prejudice to Campbell.[3] No informed Arkansas practitioner could fail to appreciate the procedural "emergency" Campbell's nonsuit motion presented if the defendants wished to prevent this waste of time and judicial resources.[4]

We find absolutely no problems with preservation here. We do, however, hold that the circuit court's decision must be reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

VIRDEN and GLADWIN, JJ., agree.

*Kutak Rock LLP*, by: *Mark Dossett*, *Jeff Fletcher*, *Zach Musgraves*, and *Caleb S. Sugg*, for appellants.

---

[3] *See* Brian G. Brooks, *Egads! Preservation Run Amok: A Call for Change to Arkansas's Was It Raised?, Was It Developed?, Was It Ruled On? Jurisprudence*, 37 U. Ark. Little Rock L. Rev. 267 (2015).

[4] *See Cap. SeniorCare Ventures, LLC v. Cir. Ct. of Pulaski Cnty.*, 2016 Ark. 263, 494 S.W.3d 423 (a predicament). Campbell attached a proposed dismissal order to her motion. Neither the motion nor the proposed order acknowledged that the case was stayed for arbitration.

*Wilkes & Associates, P.A., a/k/a Wilkes & McHugh, P.A.*, by: *James L. Wilkes II*; and

*The Edwards Law Firm, PLLC*, by: *Robert H. Edwards*, for appellee.