## JACKSONVILLE CHRISTIAN ACADEMY *v.* ARKANSAS SOCIAL SERVICES

82-119                                    641 S.W.2d 716

Supreme Court of Arkansas
Opinion delivered November 15, 1982

*Larry C. Honeycutt* of *Harmon & Honeycutt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert L. Waldrum,* Asst. Atty. Gen., and *Judieth P. Balentine,* Atty. Supervisor, Arkansas Social Services, for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellee, Arkansas Social Services, secured, ex parte, a temporary restraining order under Ark. Stat. Ann. § 83-915 (Repl. 1976) enjoining appellant, Jacksonville Christian Academy, from providing day care service to preschool children. At the same time the trial court set a hearing to determine if the temporary restraining order should be dissolved. This was done pursuant to ARCP Rule 65 (b), Ark. Stat. Ann., Vol. 3A (Repl. 1979) which provides:

> Upon application by the party against whom the preliminary injunction or temporary restraining order has been issued without notice, the Court shall, as expeditiously as possible, hold a hearing to determine whether the preliminary injunction or temporary restraining order should be dissolved. Where a hearing is required to be held on an application for a preliminary injunction or temporary restraining order, *the Court may order the trial of the action on the merits advanced and consolidated with the hearing on the application.* When consolidation is not ordered, any evidence received upon application for a preliminary injunction or temporary restraining order which would be admissible upon the trial on the merits becomes a part of the record of the trial and need not be repeated upon the trial. This subdivision (b) shall be so construed and applied as to save to the parties any rights they may have to trial by jury. (Emphasis supplied)

However, instead of holding a hearing on whether the temporary restraining order should be dissolved, the hearing actually became a trial on the merits of the case. Rule 65 (b) does not contemplate a trial on the merits at the time of the temporary hearing unless the trial court has ordered the proceedings consolidated; and, no such order was made in this case. Appellant had no notice that the hearing was to be a trial on the merits, and at the time of the hearing appellant had not filed an answer or had the time for doing so expired.

Appellant argues that the religious exemption clause of Act 518 of 1981, Ark. Stat. Ann. § 83-918 (Supp. 1981), is unconstitutional. But, we do not reach this issue since the

trial court's judgment does not disclose to what extent, if any, the constitutionality of the statute was considered.

For these reasons we reverse and remand for trial.

Reversed and remanded.