SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-15-999

| | |
|---|---|
| CAPITAL SENIORCARE VENTURES, LLC; SLC OPERATIONS MASTER TENANT, LLC; SENIOR LIVINGCOMMUNITIES OF ARKANSAS, LLC; SLC PROFESSIONALS, LLC F/K/A SLC PROFESSIONALS OF ARKANSAS, LLC; SENIOR VANTAGE POINT, LLC; ADDIT, LLC; JOHN W. DWYER; CAPITAL FUNDING GROUP, INC.; CSCV HOLDINGS, LLC; ARKANSAS SNF OPERATIONS ACQUISITION, LLC; ARKANSAS NURSING HOME ACQUISITION, LLC; PREMIER HEALTH AND REHABILITATION, LLC; NORTH LITTLE ROCK HOLDINGS, LLC; STEVE HUDGENS, IN HIS CAPACITY AS ADMINISTRATOR OF PREMIER HEALTH AND REHABILITATION, LLC; AND JOHN DOES 1 THROUGH 5 <br> PETITIONERS <br><br> V. <br><br> CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS AND CINDY CLOUGH, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOYCE LEE VINSON, DECEASED <br> RESPONDENTS | Opinion Delivered: June 16, 2016 <br><br><br><br> PETITION FOR WRIT OF CERTIORARI TO THE PULASKI COUNTY CIRCUIT COURT <br><br><br><br><br><br><br><br> PETITION DENIED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Petitioners Capital SeniorCare Ventures, LLC, et al. ("Capital SeniorCare") seek a

writ of certiorari to the Pulaski County Circuit Court to quash proceedings in that court.

In support of the petition, Capital SeniorCare argues that the circuit court proceedings

against it are irregular and erroneous on the face of the record because the plaintiff in the lawsuit has commenced three actions alleging the same claims and injuries in violation of Rule 41(b) of the Arkansas Rule of Civil Procedure. Because Capital SeniorCare had another adequate remedy, we deny the petition.

In the proceedings below, respondent Cindy Clough, as personal representative of the estate of Joyce Lee Vinson, deceased, and on behalf of the wrongful–death beneficiaries of Joyce Lee Vinson, deceased, filed a complaint on January 14, 2013, against Capital SeniorCare and effected timely service upon them. The complaint alleged various acts of negligence, medical negligence, civil conspiracy, and violations of the Arkansas Long-Term Care Residents' Rights Act. On August 5, 2014, Clough voluntarily dismissed her claims against Capital SeniorCare, and the circuit court entered an order closing that case, 60CV-13-230, without prejudice.

Thereafter, on December 19, 2014, Clough filed an "amended complaint" in case 60CV-13-230 alleging the same claims as the original complaint. Clough did not file a new civil cover sheet or pay a filing fee in connection with the amended complaint, and no new summonses were issued to Capital SeniorCare.

In early July, Clough contacted the circuit court and requested that it set a trial date in 60CV-13-230. The circuit court responded that that case was closed and that no trial could be set. Then, on July 8, 2015, Clough filed a new complaint as a new case, 60 CV-15-3046. With this complaint, Clough filed a new civil cover sheet, paid the filing fee, and served new summonses on all defendants.

SLIP OPINION

On September 29, 2015, Capital SeniorCare filed a motion to dismiss the amended complaint in 60CV-13-230 for lack of service. Capital SeniorCare also filed a motion to dismiss the new complaint with prejudice in 60CV-15-3046, arguing that the dismissal of the amended complaint in 60CV-13-230 would operate as a second dismissal and bar any subsequent litigation pursuant to Rule 41(b). Clough responded, arguing that the amended complaint was a nullity and was void, and that consequently, the new complaint was properly filed as a second action under the savings statute, Arkansas Code Annotated section 16-56-126 (Repl. 2005).

On November 5, 2015, the circuit court denied Capital SeniorCare's motion to dismiss the new complaint. On November 10, 2015, the circuit court entered an order in 60CV-13-230 finding that the amended complaint was void because it had been filed in a closed case. Capital SeniorCare did not appeal, but instead filed the instant petition for a writ of certiorari.

A writ of certiorari is extraordinary relief. *Ark. Dep't of Human Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003). In determining its application, we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. *Id.* There are two requirements that must be satisfied in order for this court to grant a writ of certiorari. The first requirement is that there can be no other adequate remedy but for the writ of certiorari. Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the

proceedings are erroneous on the face of the record. *Ark. Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006).

In this case, we must deny the petition for the writ because the first requirement of no other adequate remedy at law has not been met. Capital SeniorCare argues that they have met this requirement because the circuit court's denial of their motion to dismiss was not appealable. They note our decision in *Jordan v. Circuit Court of Lee County*, 366 Ark. 326, 235 S.W.3d 487 (2006), wherein we granted a writ of certiorari following a circuit court's denial of a motion to dismiss, holding that the court's ruling improperly allowed the case to proceed in violation of Rule 41(b), and the petitioner had no other adequate remedy at law because the petitioner could not appeal from the order denying the motion to dismiss. However, unlike in *Jordan*, the petitioners in this case do have an order from which they could have properly appealed. The circuit court's November 10, 2015 order stated, "The above styled case was closed by order of this court on August 4, 2014. There is nothing pending in this case, and any pleadings filed subsequent to the case's closure on August 4, 2014 are void and have no effect." Because this order effectively discontinues the action, it is appealable under Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure −Civil. Capital SeniorCare had an opportunity to appeal that order but did not do so. As we have recognized, a writ of certiorari cannot be used as a substitute for appeal. *Burney v. Hargraves*, 264 Ark. 680, 573 S.W.2d 912 (1978); *see also Cooper Communities, Inc. v. Circuit Court of Benton Cty.,* 336 Ark. 136, 984 S.W.2d 429 (1999). Additionally, a writ of certiorari will not take the place of an appeal unless the right of appeal has been lost by no fault of the aggrieved party. *King v. Davis*, 324 Ark. 253, 920 S.W.2d 488 (1996). Accordingly, because

Capital SeniorCare had an adequate remedy in the form of an appeal, we deny their petition for a writ of certiorari.

Petition denied.

*Kutak Rock LLP*, by: *Mark W. Dossett*, *Scott Jackson*, and *Samantha B. Leflar*, for petitioner.

*Wilkes & McHugh, P.A.*, by: *William P. Murray III* and *Carl R. Wilander*; *Appellate Solutions, PLLC*, by: *Deborah Truby Riordan*; and *The Edwards Firm, P.L.L.C.*, by: *Robert H. Edwards*, for respondents.