MIKE MURPHY, Judge
Ruby Fisher appeals the May 25, 2018, order of the Saline County Circuit Court quieting title in certain property to the appellees, Veneine and Dannie Cuningkin. We are unable to reach the merits of the case at this time, and we dismiss the appeal without prejudice.
This appeal must be dismissed for two reasons, but some background is necessary to understand both points.
The property at issue in this case consists of two lots within the D.S. Moore Addition to the City of Benton, Saline County, Arkansas. The original plat for the neighborhood was filed in 1901, but the neighborhood that exists today does not match that plat. The streets do not match and the lot numbers as they exist on the plat do not line up with the lots as they really exist. This confuses the dispute between the parties and, in a way, touches on the issues of finality.
In 2015, Fisher sued the Cuningkins for trespass and ejectment, claiming that the Cuningkins were using her land ("lots 5 and 6") without permission. The Cuningkins answered and counterclaimed for a quiet-title order, asserting that they were instead in possession only of land to which they held valid title by deed ("lots 1 and 2"). The Cuningkins essentially argued that Fisher was mistaken as to the location of her property, which the Cuningkins *33 claimed was actually north of their land. Fisher then amended her complaint to add a claim for title by adverse possession to the disputed land, i.e., that which the Cuningkins referred to as Lots 1 and 2. In other words, indications are that the parties are arguing over what is probably the same plot of ground, though they at times refer to it by the lot numbers that correspond to their respective deeds.
At trial, the court heard testimony from the parties that Fisher and her siblings grew up in a house that was on the contested property but that it burned down in the 1990s. The remnants of the old house can still be found on the contested property. Fisher has paid taxes on the land and has a redemption deed for lots 5 and 6 from the state commissioner's office. The Cuningkins did not disagree with Fisher on any of these points, but they asserted that when they purchased lots 1 and 2 by quitclaim deed in 2007, they acquired title to the land that the house previously sat on.
The court also heard testimony from Jane Craig, an employee with the Saline County Assessor's Office, who works in the Geographic Information System department and is familiar with the neighborhood; and from Aaron Rasburry, the Saline County land surveyor. Craig testified that the D.S. Moore Addition plat does not match the placement of the lots today. She said there was no legal description in 1901 (when it was platted), the descriptions are vague, it is not easy to tell where the actual boundaries are, and she cannot identify what is or is not accurate in the subdivision. Likewise, Rasburry testified that he was unable to make an accurate survey because there were conflicting elements in the 1901 deed, the streets are not constructed as platted, and he could not "find Lots 1 and 2 on the ground." He stated that it could very well be that none of the residents of that neighborhood are living on their deeded lots.
At the conclusion of the hearing, the circuit court found that the Cuningkins own "lots 1 and 2." It quieted title in them. It further found that Fisher owns "lots 5 and 6." Notably, the court did not adopt any survey, identify any boundary lines, or otherwise identify where lots 1, 2, 5, or 6 are. Fisher appealed, arguing that the court erred in quieting title in the Cuningkins because they did not comply with the notice requirement for quieting title under Arkansas Code Annotated section 18-60-506 and because they did not sufficiently prove color of title to the property at issue.
As previously mentioned, however, we cannot address the merits of Fisher's arguments at this time. Under Arkansas Rule of Appellate Procedure-Civil 2(a)(1), an appeal may be taken from a final decree entered by the circuit court. This portion of Rule 2 has been interpreted to mean that for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Ford Motor Co. v. Harper , 353 Ark. 328, 107 S.W.3d 168 (2003). The order must not only decide the rights of the parties, but also put the court's directive into execution, ending the litigation or a separable part of it. Id.
In a long line of cases, Arkansas courts have held that a circuit court's decree must describe the boundary line between disputing land owners with sufficient specificity that it may be identified solely by reference to the decree. See, e.g. , Petrus v. Nature Conservancy , 330 Ark. 722, 957 S.W.2d 688 (1997) ; Riddick v. Streett , 313 Ark. 706, 858 S.W.2d 62 (1993) (holding that the appointment of a surveyor and a replatting of the entire subdivision was only means of removing cloud on title created by flawed plat and bills of *34 assurance); Greenway Land Co. v. Hinchey , 2010 Ark. App. 330, at 2, 2010 WL 1487291 ; Penland v. Johnston , 97 Ark. App. 11, at 13-14, 242 S.W.3d 635, 636-37 (2006). The decree itself must describe the boundary line, and it must be done without reference to a plat that may not be in existence in a few years. Riddick , 313 Ark. at 712, 858 S.W.2d at 64. As our supreme court established in Petrus , "leaving those lines to be established by a future survey may likely result in additional disputes, litigation, and appeals." 330 Ark. at 726, 957 S.W.2d at 690.
Here, while not exactly a boundary-line dispute, as it stands, the current order invites future litigation. It was undisputed that Fisher held a deed to some property identified as "lots 5 and 6" and that the Cuningkins held a deed to some property identified as "lots 1 and 2." It was further undisputed that the neighborhood does not follow the subdivision plat. And yet, the court referred to lot numbers from that very same plat to resolve a dispute in which two parties are claiming ownership of the same plot of ground. The decree does not resolve this dispute with specificity sufficient to identify the property or the parties' title.
Granted, there is a line of cases in which, despite an order's deficient property description, the appellate court has decided the merits and then remanded for the inclusion of a more specific legal description in the order. See, e.g. , Greenway Land Co. v. Hinchey , 2010 Ark. App. 330, 2, 2010 WL 1487291 (per curiam) (collecting cases). But the legal descriptions in the orders in those cases were more readily established than in this case, and most referenced an already-performed survey. See, e.g. , id. Unlike in Petrus , remand was appropriate in those cases because there was nothing left to do-the circuit court merely needed to tweak the decree to reflect the existing record. Id. This case is like Petrus : the current legal description is inadequate, and it therefore does not resolve this dispute sufficient to avert additional disputes, litigation, and appeals.
The second reason the order appealed was not final is because it did not fully resolve Fisher's adverse-possession claim to the property claimed by the Cuningkins.[1] Our supreme court imposes a strict requirement that in order to achieve finality for purposes of appeal, the circuit court must dismiss or adjudicate by written order all the claims filed in a lawsuit-even when it appears that the court's order necessarily rendered an outstanding claim moot or impliedly dismissed it. King v. Jackson , 2013 Ark. App. 264, at 2, 2013 WL 1775731.
Finally, as a matter of housekeeping, we would like to note that the Cuningkin's trial exhibit 3 is missing from the record and the addendum. Counsel are encouraged to review Rule 4-2 in its entirety as it relates to the abstract and addendum, as well as the entire record, to ensure that no additional deficiencies are present in the event that this case returns to us on a future appeal.
Dismissed without prejudice.
Gruber, C.J., and Klappenbach, J., agree.

Fisher's notice of appeal does not contain a statement that she has abandoned any pending but unresolved claims pursuant to Arkansas Rule of Appellate Procedure-Civil 3(e)(vi).