Cite as 2024 Ark. App. 441

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-23-426

|  |  |
|---|---|
| MARK JACKSON<br><br>APPELLANT<br><br>V.<br><br>CARLOS GOYNES AND LULA WEKESA<br><br>APPELLEES | **Opinion Delivered** September 25, 2024<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION<br>[NO. 60CV-22-4732]<br><br>HONORABLE PATRICIA A. JAMES, JUDGE<br><br>DISMISSED |

## BRANDON J. HARRISON, Chief Judge

Mark Jackson appeals the circuit court order that dismissed his complaint for injunctive relief and damages against his neighbors, Carlos Goynes and Lula Wekesa.[1] We dismiss for lack of a final, appealable order.

In early July 2022, Jackson returned home from work and found that Goynes had cut down a row of shrubbery between Jackson's property and the property belonging to Goynes and Wekesa. Jackson told Goynes that he had trespassed and asked that he stay off of his (Jackson's) property. On July 20, Jackson mailed a letter to Goynes and Wekesa accusing them of destruction of property and asking, "[H]ow you intend to make me whole for these damages?" After he did not receive a response, Jackson filed suit for damages and

---

[1]Jackson's original complaint incorrectly listed the defendants as Lula and Carlos Wehasa. He later corrected this error in an amended complaint.

injunctive relief on July 22. He sought an injunction to prevent Goynes and Wekesa from entering his property, $10,000 in compensatory damages, and $50,000 in punitive damages.

On August 5, Goynes and Wekesa filed an answer and stated that Goynes had been hired by Lillie Brown, Jackson's girlfriend, to maintain Jackson's yard and landscaping while Jackson was in prison, and he had done so for two years; that when Jackson returned home, he did not adequately maintain the shrubs, forcing Goynes to do so; and that the shrubs had merely been pruned, not destroyed. Goynes and Wekesa asked for $20,000 in damages for the maintenance and upkeep of the shrubs and $60,000 in punitive damages.

The circuit court convened a hearing on 1 March 2023, at which all parties appeared pro se. Goynes testified that Jackson's girlfriend, Ms. Brown, had paid him to cut the shrubbery. Wekesa reiterated that Ms. Brown lived at Jackson's residence and had asked Goynes to take care of the yard and the bushes.

The court ruled that Goynes and Wekesa had not caused any damage to Jackson's property by trimming back the shrubs. Further, someone who had access to Jackson's home and held herself out as someone who was staying in his home paid Goynes to trim the shrubs. The court found no need to issue an injunction or to award damages. The court entered its written order on 17 March 2023, and Jackson filed a timely notice of appeal.

Although neither party raises the issue, the question whether an order is final and subject to appeal is one of jurisdiction, which this court will raise sua sponte. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). Rule 2(a)(1) (2023) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. *Cleary v. Sledge Props., Inc.*,

2009 Ark. App. 353. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). Although Rule 54(b) provides a method by which the circuit court may direct entry of final judgment as to fewer than all the claims or parties, when there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Harrill & Sutter, PLLC v. Farrar*, 2011 Ark. 181.

As explained above, Goynes and Wekesa asserted a counterclaim for $20,000 in damages for the maintenance and upkeep of the shrubs and $60,000 in punitive damages. The circuit court's order, however, did not adjudicate or even mention this counterclaim for damages. Nor does the order contain a Rule 54(b) certification directing that a final judgment be entered as to only Jackson's complaint.

Our supreme court imposes a strict requirement that, in order to achieve finality for purposes of appeal, the circuit court must dismiss or adjudicate, by written order, all of the claims filed in a lawsuit—even when it appears that the court's order necessarily rendered an outstanding claim moot or impliedly dismissed. *Fisher v. Cuningkin*, 2019 Ark. App. 277, 577 S.W.3d 31. Because the counterclaim remains outstanding in this case, we must dismiss the appeal without prejudice to refile upon entry of a final decree.

Dismissed.

GRUBER and THYER, JJ., agree.

*Robert S. Tschiemer*, for appellant.

One brief only.

3