Cite as 2024 Ark. App. 502

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-23-279

| | |
|---|---|
| MCCAIN MALL COMPANY LIMITED PARTNERSHIP<br><br>APPELLANT<br><br>V.<br><br>NICK'S BAR LOUIE, INC.<br>APPELLEE | Opinion Delivered October 23, 2024<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION<br>[NO. 60CV-22-3051]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

McCain Mall Company Limited Partnership (McCain Mall) appeals the Pulaski County Circuit Court orders entered in its suit with Nick's Bar Louie, Inc. (Bar Louie). We must dismiss the appeal for lack of a final order.

On May 13, 2022, McCain Mall filed a complaint against Bar Louie for unlawful detainer and breach of contract. McCain Mall alleged that Bar Louie did not pay rent for its premises in the mall and refused to surrender the location. McCain Mall attached to the complaint a lease, an assignment of the lease, and amendments.

On June 16, Bar Louie answered and counterclaimed for breach of contract, promissory estoppel, and fraud in the inducement/misrepresentation. It alleged that it had

made an oral agreement with McCain Mall's agent to modify the lease for reduced rent, and it relied on the oral agreement by paying a reduced sum.

On July 18, McCain Mall moved to dismiss Bar Louie's counterclaims. The court held a hearing on September 21 and November 2.

On December 14, the court entered an order stating that that it had considered all claims, counterclaims, and McCain Mall's motion to dismiss. The court found that Bar Louie had paid rents and fees when due according to the lease and modifications and that McCain Mall and Bar Louie mutually agreed to oral modifications of the lease. The court concluded that the parties were bound by the oral modifications and terms as shown in the rent relief amendment dated July 13, 2020. In conclusion, the court ordered the clerk "to close this case to further filings."

On December 21, Bar Louie moved for attorneys' fees and costs totaling $9,375. It argued that it was entitled to attorneys' fees under Arkansas Code Annotated section 16-22-308 (Supp. 2023) as the prevailing party. On December 30, McCain Mall moved to alter or amend the order. On January 3, 2023, the court awarded Bar Louie one dollar in costs and no attorneys' fees. On January 12, McCain Mall moved to vacate the January 3 order.

On February 2, McCain Mall filed its notice of appeal of the December 14 order, and on February 20, McCain Mall amended its notice of appeal.

Although neither party raises the issue, the circuit court's order presents a jurisdictional question that this court considers sua sponte. *Hankook Tire Co., Ltd. v. Philpot*, 2016 Ark. App. 386, at 6, 499 S.W.3d 250, 253. An appeal may be taken from a final

judgment or decree entered by the circuit court. Ark. R. App. P.–Civ. 2(a)(1) (2022). For an order to be final and appealable it must terminate the action, end the litigation, and conclude the parties' rights to the matter in controversy. *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000). Our supreme court imposes a strict requirement that to achieve finality for purposes of appeal, the circuit court must dismiss or adjudicate by written order all the claims filed in a lawsuit—even when it appears that the court's order necessarily rendered an outstanding claim moot or impliedly dismissed it. *Fisher v. Cuningkin*, 2019 Ark. App. 277, 577 S.W.3d 31. Although Arkansas Rule of Civil Procedure 54(b) provides a method by which the circuit court may direct entry of final judgment as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Harrill & Sutter, PLLC v. Farrar*, 2011 Ark. 181; *Jacobs v. Collison*, 2015 Ark. App. 420.

In this case, the circuit court's order does not adjudicate McCain Mall's claims or Bar Louie's counterclaims. The court issued findings, but we cannot decipher how the court ruled on the claims and counterclaims.[1] Significantly, on appeal, McCain Mall challenges the merits of each of Bar Louie's counterclaims, but the order is unclear whether the court granted relief on the counterclaims. The parties' arguments on appeal further suggest that

---

[1]In its notice of appeal, McCain Mall abandoned any pending but unresolved claims "except to the extent that the December 14, 2022 Order is determined not be a final order, in which case McCain Mall does not abandon its claims that were not adjudicated in the December 14, 2022 Order."

the counterclaims remain outstanding. Accordingly, we must dismiss the appeal for lack of a final order.

Dismissed without prejudice.

VIRDEN and HIXSON, JJ., agree.

*Friday, Eldredge & Clark LLP*, by: *Martin A. Kasten* and *Lindsey Emerson Raines*, for appellant.

*Gill Ragon Owen, P.A.*, by: *Debby Linton Ferguson*, for appellee.