Cite as 2025 Ark. App. 505

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-23-279

| | |
|---|---|
| MCCAIN MALL COMPANY LIMITED PARTNERSHIP<br><br>APPELLANT<br><br>V.<br><br>NICK'S BAR LOUIE, INC.<br>APPELLEE | Opinion Delivered October 29, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION<br>[NO. 60CV-22-3051]<br><br>HONORABLE PATRICIA JAMES, JUDGE<br><br>REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

This case returns to this court after we dismissed McCain Mall Company Limited Partnership's (McCain Mall's) appeal for lack of a final order on October 23, 2024. *See McCain Mall Co. Ltd. P'ship v. Nick's Bar Louie, Inc.*, 2024 Ark. App. 502, 699 S.W.3d 434. McCain Mall invoked the jurisdiction of this court pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1). It did not invoke Arkansas Rule of Appellate Procedure–Civil 2(a)(2). We held that the appealed order was not final because the circuit court had not adjudicated McCain Mall's claims or the counterclaims of appellee Nick's Bar Louie, Inc. (Bar Louie). *Id.* Our holding on lack of finality was routine, based on many years of precedent that unadjudicated claims rendered appeals premature.

On November 13, 2024, McCain Mall petitioned the supreme court for review of this court's decision. In its petition, McCain Mall acknowledged its pending claims and counterclaims, but it argued that we did not consider whether the circuit court's order to the clerk "to close this case to further filings" made the order appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(2). McCain Mall argued that its only remedy is an appeal, and it asked the supreme court to grant the petition, acknowledge appellate jurisdiction, and decide the merits of the appeal.

On January 23, 2025, in a docket entry, the supreme court granted McCain Mall's petition, vacated this court's opinion, and remanded the case to us. The supreme court cited Arkansas Rule of Appellate Procedure–Civil 2(a)(2), which provides that an appeal may be taken from an order that, in effect, determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action. The supreme court's docket order appears to signal a sea change in our finality jurisprudence. We now address the merits of the appeal.

On appeal, McCain Mall argues that the circuit court erred by (1) converting a preliminary hearing on immediate possession for unlawful detainer to a trial on the merits; (2) extending Bar Louie's time to object to a writ of possession; (3) entering judgment in favor of Bar Louie; (4) not dismissing Bar Louie's counterclaims; (5) not granting McCain Mall a new trial; and (6) awarding costs to Bar Louie. We find merit in McCain Mall's first point, and we reverse and remand.

2

On May 13, 2022, McCain Mall filed a complaint against Bar Louie alleging breach of contract and unlawful detainer pursuant to Arkansas Code Annotated section 18-60-304 (Repl. 2015). McCain Mall claimed that Bar Louie did not pay rental obligations totaling $125,676.65 for premises in the mall and refused to surrender the location. McCain Mall asserted that it was entitled to a writ of possession granting it immediate possession of the premises pending a final hearing.

On May 31, the court entered an order finding that Bar Louie failed to file an objection or to appear within the five-day statutory period, and on June 1, the court issued a writ of possession commanding Bar Louie to deliver possession of the premises to McCain Mall.

On June 7, Bar Louie moved to stay the writ of possession and to enlarge the time to file an objection because its counsel's father unexpectedly died on the day it was served with the complaint. Also on June 7, Bar Louie filed an objection. On June 8, the court entered an order staying the writ of possession.

On June 16, Bar Louie answered and counterclaimed for breach of contract, promissory estoppel, and fraud in the inducement/misrepresentation. It alleged that it had made an oral agreement with McCain Mall's agent to modify the lease for reduced rental obligations and that it relied on the oral agreement by making reduced payments.

On July 18, McCain Mall moved to dissolve the stay of the writ of possession and requested that security be posted pursuant to Arkansas Code Annotated section 18-60-307(c) (Supp. 2023). Also on July 18, McCain Mall moved to dismiss Bar Louie's counterclaims.

On September 21, the court held a hearing, and it stated, "I show that we're here today this is 60CV-22-3051 Motion Unlawful Detainer." McCain Mall then argued entitlement to the immediate possession of the premises because Bar Louie did not make payments pursuant to a written lease and refused to quit possession. Lisa Meyer, the mall manager, testified, and McCain Mall introduced the lease,[1] a first lease amendment, a second lease amendment, and a rent relief amendment. The documents contain a lease term from May 2015 through May 2025.

After Meyer's testimony, McCain Mall rested, and Bar Louie stated that it intended to call its owner, Nadeem Siddique. However, the court continued the hearing due to time constraints.

On November 2, the court reconvened. Siddique testified that he orally agreed with McCain Mall's agent to modify the lease payments to a reduced sum and that he had made the reduced payments.

Following Siddique's testimony, the parties made closing arguments. McCain Mall asked the court to issue a writ of possession. Bar Louie responded that McCain Mall had a "pending motion to dismiss and that's what we're—in my understanding, we're here on." Bar Louie then argued that McCain Mall's motion to dismiss should be denied and asked the

---

[1]North Rock Louis, LLC, initially entered into the lease agreement with McCain Mall in 2014, but in 2017, it assigned the lease to Bar Louie. McCain Mall introduced the assignment.

4

court to deny and dismiss McCain Mall's complaint. Bar Louie sought to retain possession of the premises through the lease's expiration in May 2025.

After Bar Louie's argument, McCain Mall then stated, "[W]ould you mind if I clarified just a procedure . . . I may have been dense in assuming we were here on the Writ of Possession. The actual—the issuance of the Writ of Possession and the Unlawful detainer." The court responded, "I will tell you that's what I thought we were here on as well." The court then stated:

> I understand there were other motions out there as well, and I'm going—what I'm going to do today is take what you guys have given me under advisement, I mean, and get you-all an order out. The order—if it does not completely deal with all the issues that we have remaining, and you all need to do further discovery or whatever.

On December 14, the court entered an order stating that it had considered all claims, counterclaims, and McCain Mall's motion to dismiss Bar Louie's counterclaims. Applying the Arkansas Residential Landlord-Tenant Act of 2007, the court found that Bar Louie had paid rents and fees when due according to the lease and modifications. The court further found that McCain Mall and Bar Louie mutually agreed to oral modifications of the lease through the expiration of the lease term. The court concluded that the parties were bound by the oral modifications and to follow its terms as shown in the rent relief amendment dated July 13, 2020. The last paragraph of the order provides: "The Clerk is hereby ordered to close this case to further filings."

On December 21, Bar Louie moved for attorney's fees and costs totaling $9,375. It argued that it was entitled to attorney's fees as the prevailing party.

On December 30, McCain Mall moved to alter or amend the December 14 order. McCain Mall argued in part that the court's order should be altered or amended because the court conducted a trial on the merits without informing the parties in violation of both Arkansas Rule of Civil Procedure 40 and McCain Mall's due-process rights. McCain Mall attached a June 23, 2022 email from the circuit court's assistant about setting the matter "for a 30-minute hearing on unlawful detainer."

On January 3, 2023, the court found Bar Louie's attorney's-fees motion reasonable and well founded, and it awarded Bar Louie $1 in costs. On January 12, McCain Mall moved to vacate the attorney's-fee award. On February 2, McCain Mall filed its notice of appeal of the December 14 order, the deemed denial of its motion to alter or amend, and the order on attorney's fees and costs. We now turn to the first issue on appeal.

McCain Mall first argues that the circuit court erred by converting a preliminary hearing on immediate possession for unlawful detainer to a trial on the merits without notice. McCain Mall cites the procedures in the unlawful-detainer statute as well as due-process principles.

We find merit in McCain Mall's argument. The unlawful detainer statute provides as follows:

> (d)(1)(A) If a hearing is required to be held on the demand of the plaintiff for an immediate writ of possession, the plaintiff shall present evidence sufficient to make a prima facie case of entitlement to possession of the property described in the complaint. The defendant or defendants shall be entitled to present evidence in rebuttal thereof.

6

(B)(i) If the court decides upon all the evidence that the plaintiff is likely to succeed on the merits at a full hearing, then the court shall order the clerk forthwith to issue a writ of possession to the sheriff to place the plaintiff in possession of the property described in the complaint, subject to the provisions of subsection (e) of this section.

(ii) No such action by the court shall be final adjudication of the parties' rights in the action.

Ark. Code Ann. § 18-60-307(d). "The statute expressly provides that an order directing the issuance of a writ of possession shall not be a 'final adjudication of the parties' rights in the action.'" *Coleman's Serv. Ctr., Inc. v. F.D.I.C.*, 55 Ark. App. 275, 297, 935 S.W.2d 289, 301 (1996) (quoting Ark. Code Ann. § 18-60-307(d)(1)); *Coleman's Serv. Ctr., Inc. v. S. Inns Mgmt., Inc.*, 44 Ark. App. 45, 866 S.W.2d 427 (1993)).

Further, the opportunity to submit evidence to rebut charges or adverse claims and testimony is an essential requirement of a full and fair hearing to satisfy the Due Process Clause of the U.S. Constitution. *Sims v. Moser*, 373 Ark. 491, 500, 284 S.W.3d 505, 513 (2008); *see Jacksonville Christian Acad. v. Ark. Soc. Servs.*, 277 Ark. 339, 340, 641 S.W.2d 716, 716 (1982) (holding that the circuit court erred by conducting a trial on the merits during a hearing on a temporary restraining order when the appellant had no notice and the appellant's time to answer had not expired); *Davis v. Univ. of Ark. Med. Ctr.*, 262 Ark. 587, 589, 559 S.W.2d 159 (1977) (finding that the appellant was denied due process of law when the court prematurely awarded a judgment to the appellees at the hearing on his motion to compel).

Here, McCain Mall alleged claims for unlawful detainer and breach of contract against Bar Louie, and Bar Louie counterclaimed for breach of contract, promissory estoppel,

and fraud. The undisputed understanding was that the hearing pertained to the issuance of a writ of possession. The court set the matter "for a 30-minute hearing on unlawful detainer," and at the hearing, the court indicated that the hearing concerned the issuance of a writ of possession. However, in its written order, the court issued findings concerning the claims and counterclaims and closed the case to further filings. The court's order conflicts with the unlawful-detainer statute and deprives McCain Mall of due process. Accordingly, we must reverse and remand for further proceedings.

Because we hold that the circuit court prematurely entered the order, and we reverse and remand for further proceedings, we need not address McCain Mall's remaining points on appeal. However, we must note that the circuit court's award of $1 in costs to Bar Louie as the prevailing party must be reversed because there is no prevailing party at this stage of the case.

Reversed and remanded.

VIRDEN, J., agrees.

HIXSON, J., concurs.

**KENNETH S. HIXSON, Judge, concurring.** I join Judge Abramson's opinion reversing the circuit court. However, the opinion is not issued in a vacuum, and I am concerned that it could easily result in significant unintended appellate consequences. I would anticipate well-read and enterprising appellate attorneys will use this precedent to circumvent and avoid lack-of-finality holdings in the future. Going forward, if an order is not final and appealable under the usual standard of Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party can

8

avoid a dismissal if the order has *the effect* of determining or discontinuing the action under Rule 2(a)(2). What does "the effect of determining or discontinuing" the action under Rule 2(a)(2) mean? I don't know. The supreme court issued its holding in a simple docket entry without explanation. Therefore, in the future, I would anticipate that appellate attorneys will predicate the jurisdiction of their appeals under either Rule 2(a)(1) or Rule 2(a)(2).[1] Why not? That will require this court to analyze a circuit court's order not only to determine whether it is final but it will also require this court to analyze whether the order has *the effect* of determining or discontinuing the action, whatever that means.

That begs the question: what made this ordinary nonfinal, nonappealable order under Rule 2(a)(1) an appealable order under Rule 2(a)(2)? It is not insignificant that the supreme court apparently did not disturb the court of appeals' holding that the order was not a final and appealable order under Rule 2(a)(1); rather, it held the order was appealable under Rule 2(a)(2).

For context and in the simplest terms, this case involves an alleged breach of a written lease agreement where the landlord, McCain Mall, sued for a temporary writ of possession and damages for breach of contract. The tenant, Nick's Bar Louie, denied the breach and argued there existed an oral modification to the written lease agreement and counterclaimed

---

[1]This could also result in appellate attorneys amending their current notices of appeal and briefs in pending appeals and arguing the circuit court's order is appealable because it is either final under Rule 2(a)(1) or has the effect of determining or discontinuing the action under Rule 2(a)(2).

for damages.[2]  After the hearing on the landlord's motion for temporary writ of possession of the leased premises, the circuit court issued its order.  The court generally agreed with the tenant's argument and found that the written lease agreement had been modified by an oral agreement and denied the landlord's writ of temporary possession.  Then, despite the existence of eight unresolved claims for relief by the landlord and two unresolved claims for relief by the tenant, the court inserted the following unique and uncharacteristic language into its order:

> "*The Clerk is hereby ordered to close this case to further filings.*"[3]

The landlord, McCain Mall, appealed.  In McCain Mall's notice of appeal to this court, it cited Arkansas Rule of Appellate Procedure–Civil 2(a)(1) as the jurisdiction for its

---

[2]McCain Mall's eight pending unresolved claims for relief include: (1) issue a permanent writ of possession upon final hearing; (2) grant McCain Mall the right to take immediate possession; (3) if Nick's Bar Louie objects, require Nick's Bar Louie to deposit into the registry of the court a sum equal to the rent due on the premises: $125,676; (4) order that any personal property remaining on the premises be considered abandoned; (5) award McCain Mall actual and liquidated damages for unlawful detainer; (6) award McCain Mall actual damages discovered upon retaking the premises; (7) award McCain Mall a judgment for breach of contract; and (8) award McCain Mall all costs and fees.  Nick's Bar Louie's unresolved claims for relief were for (1) compensatory damages for lost profits and (2) costs of renovation.

[3]However, despite the circuit court's order to the clerk to "close this case to further filings," the record indicates that after the order was entered, the following pleadings were filed: Defendant's Motion for Attorneys' Fees and Costs; Plaintiff's Motion to Alter or Amend Order and Brief in Support of Plaintiff's Motion; Order for Attorney Fees; Plaintiff's Response to Defendant's Motion for Attorneys' Fees and Costs; and Defendant's Response in Opposition to Plaintiff's Motion to Alter or Amend Order.

appeal.[4]  As stated above, Rule 2(a)(1) provides that an appeal may be taken from "[a] final judgment or decree entered by the circuit court."  This is the subdivision of Rule 2 that is typically cited regarding finality of a circuit court's orders.  The record on appeal provides no apparent justification as to why this circuit court's order would be a "final judgment" under Rule 2(a)(1) considering the plethora of unresolved claims and counterclaims and the innumerable precedents; therefore, this court dismissed the appeal for lack of finality and remanded to the circuit court.

This is where this case diverges from the norm and creates the potential for significant unintended consequences.  Instead of returning to the circuit court and obtaining an order that is final and appealable under Rule 2(a)(1) and refiling its appeal in our court, McCain Mall filed a petition for review with the supreme court.  In its petition for review, McCain Mall changed its appellate jurisdictional argument and, *for the first time*, argued that its appellate jurisdiction was predicated on Rule 2(a)(2) and not on Rule 2(a)(1).  Specifically, McCain Mall complained that the court of appeals analyzed the appealability of the circuit court's order only under Rule 2(a)(1) and did not review the appealability of the order under Rule 2(a)(2).  The appellant is correct.  The court of appeals did not review the appealability

---

[4]Additionally, McCain Mall also cited Rule (2)(a)(3) as authority for appealability of the circuit court's order.  Rule 2(a)(3) provides that an appeal may be taken from "[a]n order which grants or refused a new trial."  Because this appeal does not allege the court erred in refusing to grant a new trial, Rule 2(a)(3) is inapplicable and not referenced hereinafter.

of the order under Rule 2(a)(2)—nor any of the other eleven subdivisions of Rule 2(a)—because the appellant never requested that we do so in any form or fashion.

The gist of McCain Mall's argument was that the additional unique and uncharacteristic verbiage inserted by the circuit court into its order that "[t]*he Clerk is hereby ordered to close this case to further filings*" somehow transformed a typical "nonfinal" order under Rule 2(a)(1) into an appealable order under Rule 2(a)(2) despite the fact that McCain Mall introduced this argument for the first time in its petition for review.

In its petition to the supreme court, McCain Mall cited *Capital SeniorCare Ventures v. Circuit Court of Pulaski County*, 2016 Ark. 263, 494 S.W.3d 423, as authority that the circuit court's order was appealable under Rule 2(a)(2). However, upon review, *Capital SeniorCare* has limited, if any, applicability to the case at bar. In *Capital SeniorCare*, the supreme court discussed the effect of dismissing a case that was refiled after it had previously been dismissed under Arkansas Rule of Civil Procedure 41. The circuit court in *Capital SeniorCare* entered an order that included the phrase "*case was closed by order of this court*" and further stated that "*any pleadings filed subsequent to the case's closure . . . are void and have no effect*." *Id*. at 4, 494 S.W.3d at 425 (emphasis added). The *Capital SeniorCare* supreme court held that "*this order effectively discontinue*[d] *the action,* [*and*] *it is appealable under Rule 2(a)(2)*[.]" *Id*. (emphasis added). One can only presume that the holding in *Capital SeniorCare* was the impetus behind the current supreme court docket-entry order granting the petition for review and holding that the circuit court's order is appealable under Rule 2(a)(2).

While we are mindful that the supreme court has held that the circuit court's order is appealable and that this court should reach the merits of the appeal (which we have done), we must now ask how this court, in the future, should determine whether an apparent nonfinal order under Rule 2(a)(1) is appealable under Rule 2(a)(2).

From a fair reading of McCain Mall's petition for review and the supreme court's docket-entry order granting said petition, it appears that when a circuit court's order contains language such as "*closing a case to further filings*" or "*this case was closed by order of this court*" or "*any pleadings filed subsequent to the case's closure . . . are void and have no effect*," such language may transform an otherwise nonfinal, non-appealable order under Rule 2(a)(1) into an appealable order under Rule 2(a)(2).

As implied earlier, Rule 2(a)(2) is rife with unresolved ambiguities. Rule 2(a)(2) provides that an appeal may be taken from "[*a*]*n order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action.*" It is elementary, but it should be noted that Rule 2(a)(2) follows on the heels of Rule 2(a)(1), which provides that a party may appeal "[a] final judgment or decree entered by the circuit court." So, we know that Rule 2(a)(2) pertains to some type of order *other than* a final judgment or decree. In reviewing and applying Rule 2(a)(2) in the future, we will be tasked with determining whether a nonfinal order perhaps has *the effect* of "determining the action," "preventing an appeal," or "discontinuing the action" without precedential guidance. Such a review is fraught with even more uncertainty resulting in inconsistent decisions and could

13

otherwise proliferate piecemeal appeals, which, I presume, is an unintended appellate consequence.

*Friday, Eldredge & Clark, LLP*, by: *Martin A. Kasten* and *Lindsey Emerson Raines*, for appellant.

*Gill Ragon Owen, P.A.*, by: *Debby Linton Ferguson*, for appellee.